THE HONORABLE THOMAS S. ZILLY

# UNTIED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLACIER NORTHWEST, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CEMENTAID INTERNATIONAL MARKETING, LTD.,<br><br>　　　　　　　Defendant. | Case No. 2:18-cv-00556-TSZ<br><br>**CEMENTAID INTERNATIONAL MARKETING LTD.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS GLACIER NORTHWEST, INC.'S AMENDED COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, Defendant Cementaid International Marketing, Ltd., ("Cementaid") requests that the Court take judicial notice of certain documents and facts, attached hereto and cited in the declaration of Jared D. Schuettenhelm, in support of Cementaid's Motion to Dismiss Glacier Northwest, Inc.'s Amended Complaint.

**I.　Legal Standard**

On a motion to dismiss, the Court may, pursuant to Federal Rule of Evidence 201, "take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Valley Fruit Orchards v. Global Horizons Manpower, Inc.*, No. CV–09–3071, 2010 WL 1286367, at *2 (E.D. Wash. Mar. 26, 2010). Moreover, a court may take judicial notice of a document, such as a contract, "whose authenticity is not contested and which Plaintiff has relied on his complaint." *Chandola v. Seattle Housing Authority*, Case No. C13–557, 2014 WL 4540024, at *1 (W.D. Wash. Sept. 11, 2014); *Swartz v. KPMG LLP*, 476 F.3d 756, 763

(9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

## II. Judicial Notice of the Attached Documents is Appropriate

Cementaid requests that the Court take judicial notice of the following documents, which have been publicly filed in the following actions:

1. <u>Exhibit 1</u>:  Plaintiff Millennium Tower Association's Fifth Amended Complaint, filed on April 16, 2018, in the Superior Court of the State of California, County of San Francisco (Case No. CGC-557830) ("Millennium Tower Complaint")

2. <u>Exhibit 2</u>:  Webcor Construction LP's First Amended Cross-Complaint, filed on December 13, 2017, in the Superior Court of the State of California, County of San Francisco (Case No. CGC-17557830) ("Webcor's Millennium Tower Cross-Complaint")

3. <u>Exhibit 3</u>:  Plaintiff Axis Homeowners Association Second Amended Complaint, filed on April 4, 2018, in the Superior Court of the State of California, County of Santa Clara (Case No. 17CV314037) ("Axis Complaint")

4. <u>Exhibit 4</u>:  Almaden Tower Venture, LLC's and Webcor Construction LP's Cross-Complaint, filed on May 17, 2018, in the Superior Court of the State of California, County of Santa Clara (Case No. 17CV314037) ("Webcor's Axis Cross-Complaint")

5. <u>Exhibit 5</u>:  Glacier Northwest, Inc.'s Motion to Quash Webcor Construction Inc.'s Summons and Cross-Complaint, filed on November 28, 2017, in the Superior Court of the State of California, County of San Francisco (Case No. CGC-557830)

Because these documents constitute matters of public record contained in official court dockets, this Court may take judicial notice of them.  *MGIC*, 803 F.2d at 504 (taking judicial notice of a motion to dismiss and supporting memorandum); *Valley Fruit Orchards*, 2010 WL 1286367, at *2 (taking judicial notice of court filings and records).  Moreover, judicial notice of the Millennium Tower and Axis Complaints, as well as Webcor's Millennium Tower and Axis Cross-Complaints, is proper because Glacier Northwest, Inc., has relied on those documents in the Amended Complaint ("Complaint") filed against Cementaid in this Court.  *See Chandola,* 2014 WL 4540024, at *1 (taking judicial notice of documents "which Plaintiff has relied on in his Complaint").

Cementaid also requests that the Court take judicial notice of excerpts from the Marketing and Material Supply Agreement ("Agreement") between Cementaid and Glacier, which are reproduced in Paragraphs 3-7 of the Declaration of Jared D. Schuettenhelm in support of Cementaid's Motion to Dismiss.[1]  Because Glacier has relied on the Agreement in raising a breach of contract claim against Cementaid, judicial notice of these excerpts is proper. *Id*. (taking judicial notice of a contract that plaintiff relied on its complaint);  *Valley Fruit Orchards*, 2010 WL 1286367, at *2 (taking judicial notice of contracts because the complaint "necessarily relies on the contracts for the breach of contract claims.").

### III. Conclusion

For the foregoing reasons, Cementaid requests that the Court take judicial notice of the documents referenced herein.

Dated: November 21, 2018

Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Philip J. Bezanson*
Philip J. Bezanson, WSBA No. 50892
Jared D. Schuettenhelm, WSBA No. 46181
701 Fifth Avenue, Suite 6200
Seattle, WA 98104-7043
Telephone: (206) 204-6200
Facsimile:  (800) 404-3970
philip.bezanson@bracewell.com
jared.schuettenhelm@bracewell.com

Richard F. Whiteley (*pro hac vice* pending)
Stacianne M. Wilson (*pro hac vice* pending)
711 Louisiana Street, Suite 2300
Houston, TX 77002-2770
Telephone:  (713) 223-2300
Facsimile:   (800) 404-3970
richard.whiteley@bracewell.com
staci.wilson@bracewell.com

---

[1] Because the Agreement has confidential provisions which would necessitate a sealed filing, Cementaid has not attached the entire Agreement at this time.  Nonetheless, Cementaid can provide the entirety of the Agreement upon the Court's request.

1
2  *Attorneys for Cementaid International Marketing, Ltd.*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 21, 2018 to all counsel of record who have consented to electronic service via the Court's CM/ECF system.

*/s/ Philip J. Bezanson*
Philip J. Bezanson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27