# Exhibit 2

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**12/13/2017**
Clerk of the Court
BY: GARY FELICIANO
Deputy Clerk

1  WILLIAM J. PETERS (SBN: 104787)
   MATTHEW T. HAWK (SBN: 227225)
2  DOUGLAS J. CEFALI (SBN: 308867)
   GORDON REES SCULLY MANSUKHANI LLP
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 875-3143
   Facsimile: (415) 986-8054
5  wpeters@grsm.com
   mhawk@grms.com
6  dcefali@grsm.com

7  Attorneys for Defendant and Cross Complainant
   WEBCOR CONSTRUCTION LP, d/b/a WEBCOR BUILDERS, survivor to a merger with
8  WEBCOR CONSTRUCTION, INC.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| MILLENNIUM TOWER ASSOCIATION, a California nonprofit mutual benefit corporation,, <br><br> Plaintiff. <br><br> v. <br><br> MISSION STREET DEVELOPMENT LLC, a Delaware Limited Liability Company; et al. <br><br> Defendant, | CASE NO. CGC-17-557830 <br><br> **WEBCOR CONSTRUCTION LP'S FIRST AMENDED CROSS-COMPLAINT FOR:** <br><br> 1. **EXPRESS INDEMNITY;** <br> 2. **EQUITABLE INDEMNITY &** <br> 3. **DECLARATORY RELIEF** |
| WEBCOR CONSTRUCTION LP, d/b/a WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC. <br><br> Cross-Complainant. <br><br> v. <br><br> AMERICAN PILEDRIVING, INC., a California corporation; CEMENTAID INTERNATIONAL GROUP, an unknown entity; CENTRAL CONCRETE SUPPLY CO., INC., a Texas corporation; ENCLOS CORP, a Minnesota corporation; GLACIER NORTHWEST, INC., a Washington corporation; PACIFIC STATES ENVIRONMENTAL CONTRACTORS, INC., a California corporation; VIKING DRILLERS, INC., a California corporation; YKK-APP, Inc., a Japanese corporation; and ROES 1 through 100, <br><br> Cross-Defendants, | Assigned for All Purposes to the Hon. Curtis E.A Karnow Dept. 304 <br><br> Action Filed: March 29, 2017 <br> Trial Date: None set |

Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant and Cross-Complainant WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC. (hereinafter "Defendant", "WEBCOR", or "Cross-complainant") alleges:

## GENERAL ALLEGATIONS

1. Cross-complainant WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC was, and at all times relevant hereto is, a limited partnership organized and existing under the laws of the State of Delaware.

2. Cross-complainant was involved with the construction of real property located at 301 Mission Street in San Francisco consisting of a 58-story tower, an adjacent 12-story building that includes residences and common areas, and a five-level subterranean garage, more commonly referred to as "Millennium Tower" (the "301 MISSION PROJECT"). The 310 MISSION PROJECT includes 419 separate residential condominiums and two commercial units, forming a mixed-use condominium project.

3. Cross-complainant was also involved with the construction of real property located at 350 Mission Street in San Francisco consisting of a 27-story building that includes residences and common areas ("350 MISSION PROJECT).

## CROSS-DEFENDANTS

4. Cross-complainant alleges upon information and belief that AMERICAN PILEDRIVING, INC. is California corporation and at all relevant times was doing business in the State of California.

5. Cross-complainant alleges upon information and belief that CEMENTAID INTERNATIONAL GROUP is an unknown business entity and at all relevant times was doing business in the State of California.

6. Cross-complainant alleges upon information and belief that CENTRAL CONCRETE SUPPLY CO., INC. is a Texas corporation and at all relevant times was doing business in the State of California.

7. Cross-complainant alleges upon information and belief that ENCLOS CORP is a

Minnesota corporation and at all relevant times was doing business in the State of California.

8. Cross-complainant alleges upon information and belief that GLACIER NORTHWEST, INC. is a Washington corporation and at all relevant times was doing business in the State of California.

9. Cross-complainant alleges upon information and belief that PACIFIC STATES ENVIRONMENTAL CONTRACTORS, INC. is a California corporation and at all relevant times was doing business in the State of California.

10. Cross-complainant alleges upon information and belief that VIKING DRILLERS, INC. is a California corporation and at all relevant times was doing business in the State of California.

11. Cross-complainant alleges upon information and belief that YKK-APP, INC. is a Japanese corporation and at all relevant times was doing business in the State of California.

12. Cross-complainant alleges that the true names and/or capacities, whether individual, corporate, associate or otherwise, of the Cross-defendants and ROES 1 through 100, inclusive, are unknown to Cross-complainants, who, therefore, sue said Cross-defendants by such fictitious names. Cross-complainant is informed and believes and thereon alleges that Cross-defendant ROES 1 through 100, inclusive, are subcontractors, their agents, employees, material men, suppliers, and/or manufacturers. Cross-complainant will ask for leave of Court to amend this cross-complaint to show their true names and capacities when the same have been ascertained.

13. Cross-complainant is informed and believes and thereon alleges that at all times herein mentioned Cross-defendants, and each of them, were the agents, servants, partners and employees of other Co-defendants, and each was acting within the scope of its authority as agent, servant, partner and employee and with the permission and consent of each of the other Cross-defendants.

14. Each and all Cross-defendants were engaged in the investigation, manufacture, assembly, design, production, maintenance, supervision, repair, construction and/or the provision of labor, design, supplies, hardware, materials, and appliances for the real property known as the

310 MISSION PROJECT and/or the 350 MISSION PROJECT. The true names and capacities, whether individual, corporate, associate, or otherwise, of Cross-defendants named herein as ROES 1 through 100, inclusive, are unknown to cross-complainant, who therefore, sues said Cross-defendants by such fictitious names. Cross-complainant is informed and believes, and thereupon alleges, that each of these Cross-defendants designated as a fictitiously named Cross-defendant is, and in some manner, was responsible for the events and happenings herein referred to in the cross-complaint herein alleged. Cross-complainant will ask leave of this Court to amend this cross-complaint to allege their true names and capacity when the same have been determined.

15. In March 2017, Plaintiff filed its Complaint for damages in San Francisco County Superior Court, Action No. CGC-17-557830, seeking damages for Violation of Cal. Civ. Code § 895 *et seq.*, negligence, breach of express warranty, breach of implied warranty, strict liability, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, breach of fiduciary duty, violation of Cal. Bus. & Prof. Code § 17200 *et seq.,* inverse condemnation, trespass, nuisance and violation of Cal. Civ. Code § 832 against Cross-complainant and DOES 1 through 100, inclusive (hereinafter Complaint). Plaintiff has since filed both a Second and Third Amended Complaint. Collectively, the pleadings are referred to as the "Complaint".

16. The actual construction and design defects alleged by Plaintiff in the Complaint regarding the 301 MISSION PROJECT include the allegations that Cross-complainant failed to provide adequate construction services, materials, equipment and/or supplies; and that Cross-complainant negligently planned, designed, improved, constructed, inspected, installed or repaired and placed 301 MISSION PROJECT elements. Plaintiff's complaint alleges numerous defects and physical damage to the 301 MISSION PROJECT.

17. Plaintiff's Complaint is incorporated herein by reference, as if set forth in full for the purpose of illustrating the allegations contained therein, not for the truth of said allegations. Cross-complainant has filed an answer to Plaintiff's Complaint which denies the material allegations of the Complaint and further denies that Cross-complainant is in any way responsible or liable in any manner whatsoever for any damages alleged in the Complaint to have been

Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

suffered by Plaintiff. Cross-complainant further contends that the alleged damages to Plaintiff, if any, were caused solely by the failure of the Cross-defendants named herein to exercise due care in connection with the performance of their various duties at the 301 MISSION PROJECT, or to otherwise adequately discharge their contractual obligations to Cross-complainant.

18. In October 2017, Defendant TREADWELL & ROLLO, INC., subsequently known by name change as "T&R Consolidated, Inc.," a dissolved corporation (collectively, "Treadwell & Rollo, Inc.") (hereinafter "TRI") filed its Cross-complaint for equitable indemnity, apportionment, contribution, and declaratory relief against various parties, including WEBCOR. The claims by TRI against WEBCOR include allegations of negligently performed work by WEBCOR in its role as the general contractor for the 350 MISSION PROJECT, including, but not limited to, dewatering and excavation of that project. TRI alleges that such activities were carried out in such a way as to substantially damage the 301 MISSION PROJECT.

19. TRI's Cross-complaint is incorporated herein by reference, as if set forth in full for the purpose of illustrating the allegations contained therein, not for the truth of said allegations. Cross-complainant has filed an answer to TRI's Cross-complaint which denies the material allegations of the Cross-complaint and further denies that Cross-complainant is in any way responsible or liable in any manner whatsoever for any damages alleged in the Cross-complaint to have been suffered by TRI or Plaintiff. Cross-complainant further contends that the alleged damages to TRI or Plaintiff, if any, were caused solely by the failure of the Cross-defendants named herein to exercise due care in connection with the performance of their various duties at the 350 MISSION PROJECT, or to otherwise adequately discharge their contractual obligations to Cross-complainant.

### FIRST CAUSE OF ACTION
(Breach of Express Indemnity against AMERICAN PILEDRIVING, INC., ENCLOS CORP, VIKING DRILLERS, INC., and ROES 1 through 90, inclusive)

20. Cross-complainant incorporates by reference Paragraphs 1 through 19 of this cross-complaint as though fully set forth herein.

21. Cross-complainant is informed and believes and thereon alleges that Cross-Defendants, and each of them as designated above, entered into written contracts with Cross-

complainants which stated, among other things, that Cross-Defendants would indemnify and hold Cross-complainant free and harmless from any and all claims, losses, damages, injuries and/or liabilities caused by Cross-Defendants, their agents or employees, and each of them.

22. Cross-complainant is informed and believes and thereon alleges that the defects and damages claimed by Plaintiff were caused by Cross-Defendants, and each of them, arising out of and connected with the performance of Cross-Defendants' obligations pursuant to the written agreement(s) entered into by each of them with Cross-complainant herein.

23. Cross-complainant is informed and believes and thereon alleges that Cross-Defendants, and each of them, entered into contracts with others in the performance of services provided in the construction of the Project and are responsible for all acts and omissions of its subcontractors, agents and employees.

24. Cross-complainant is informed and believes and thereon alleges that Cross-Defendants, and each of them as designated above, entered into written agreements with Cross-complainant which stated, among other things that Cross-Defendants would be liable for all attorneys' fees and costs incurred by Cross-complainant in the event of a dispute regarding work performed by Cross-Defendants.

25. Cross-complainant has retained the services of GORDON REES SCULLY MANSUKHANI to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Cross-complaint. Cross-complainant will seek leave of this court to amend this Cross-complaint to show the amount of said costs and attorneys' fees when the same become known to Cross-complainant.

WHEREFORE, Cross-complainant prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Equitable Indemnity and Contribution Against All Cross-Defendants)**

26. Cross-complainant incorporates by reference Paragraphs 1 through 25 of this cross-complaint as though fully set forth herein.

27. As previously alleged herein, Plaintiff has alleged negligent and/or improper

design and/or construction of the 301 MISSION PROJECT, the true extent of which is unknown, and which allegedly has resulted in distress, or injury.

28. Further, as previously alleged herein, TRI has alleged negligent and/or improper design and/or construction of the 350 MISSION PROJECT, the true extent of which is unknown, and which allegedly has resulted in distress, or injury to Plaintiffs at the 301 MISSION PROJECT.

29. Cross-complainant is without active fault, culpability or negligence in the above-referenced claims for damages, but is being required to defend itself in an action solely as a result of Cross-defendants' tortious conduct. Cross-defendants, and each of them, therefore have an equitable obligation to indemnify and hold Cross-complainant harmless from and against any and all claims, losses, damages, attorneys' fees, costs, judgments and settlement expenses incurred in mitigation and defense against any action or claim asserted against Cross-complainant.

30. Cross-complainant contends that, pursuant to the California Supreme Court's decision in *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, Cross-complainant is entitled to proceed against Cross-defendants, and each of them, for a determination of the extent to which Cross-defendants should indemnify Cross-complainant for any judgment made or entered against Cross-complainant arising from any assertions of design-defects, construction defects and/or damages in this action.

31. Cross-complainant further contends that if they are found liable to Plaintiff, TRI, and/or others, Cross-complainant should be indemnified by Cross-defendants, and each of them, on the basis of a comparison of Cross-complainant's comparative fault (if any) with that of Cross-defendants, and each of them, under the principles of partial and comparative indemnity set forth in *American Motorcycle*.

32. By reason thereof, Cross-complainant contends that if they are held liable to Plaintiff upon their Complaint, then Cross-complainant is entitled to be indemnified by all Cross-defendants, and each of them, in whatever amounts may be adjudged, and for its costs and expenses incurred in the defense of this action, including reasonable attorneys' fees. Cross-

WEBCOR CONSTRUCTION LP'S FIRST AMENDED CROSS-COMPLAINT

complainant further contends that they are entitled to be indemnified for expenditures heretofore and hereafter made in connection with the repairs of the 310 MISSION PROJECT. The total amount of Cross-complainant's costs and attorneys' fees is not yet known, and Cross-complainant will ask leave of this Court to insert such amounts at the time of trial.

WHEREFORE, Cross-complainant prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(For Declaratory Relief Against All Cross-Defendants)**

33. Cross-complainant incorporate by reference Paragraphs 1 through 32 of this Cross-Complaint as though if fully set forth herein.

34. An actual controversy has arisen and now exists among Cross-complainant and Cross-defendants, and each of them, in that Cross-complainant contends that:

35. As between Cross-complainant and the Cross-defendants, liability and responsibility, if any, for damages claimed in connection with the Complaint by Plaintiff and Cross-complaint by TRI herein rests entirely or partially with Cross-defendants, and each of them;

36. As a result, Cross-defendants, and each of them, are obligated to indemnify Cross-complainant for the sums which Cross-complainants may be compelled to pay as a result of damages, judgment or other award recovered by the Plaintiffs, or any of them, against Cross-complainant;

37. As a further result, Cross-complainant is entitled to reimbursement of all sums which it has paid or will pay in connection with Plaintiffs' claims; and Cross-complainant is entitled to be indemnified and held harmless by Cross-defendants and be reimbursed for their attorneys' fees and costs.

38. Cross-complainant is informed and believes, and thereon alleges, that the Cross-defendants, and each of them, deny such liability, responsibility, obligations and duties.

39. Cross-complainant desires a judicial determination of the respective rights and duties of Cross-complainant and the Cross-defendants, and each of them, with respect to damages claimed in the complaint filed by Plaintiffs herein as well as the Cross-complaint filed

by TRI.  In particular, Cross-complainant desires a declaration of the respective liabilities of Cross-complainant and Cross-defendants for such damages which Cross-complainant may be compelled to pay, whether by settlement entered into by Cross-complainant or by judgment which may be rendered against Cross-complainant.  Cross-complainant further desires a judicial determination that it is entitled to reimbursement for all expenses incurred and to be incurred by it in repairing the subject property, and that Cross-complainant is entitled to reimbursement for all costs and expenses incurred and to be incurred by it in defending against Plaintiff's Complaint and TRI's Cross-complaint and in prosecuting this Cross-complaint, including reasonable attorneys' fees.

40. If it is determined herein that Cross-complainant is liable in any way by reason of any facts alleged in Plaintiff's Complaint and/or TRI's Cross-complaint, or otherwise, Cross-complainant is entitled to be indemnified in an amount proportionate to the extent Cross-defendants, and each of them, caused and contributed to the damages recovered by Plaintiff, if any, in the within action.

41. The judicial determination of the rights of Cross-complainant to indemnity from Cross-defendants, and each of them, is necessary and appropriate at this time in order that Cross-complainant ascertain their rights with respect to the claims of Plaintiff and/or TRI herein for damages, and in order that Cross-complainant may avoid the multiplicity of actions which will otherwise result if it is required to defend against the claims of Plaintiff and TRI and then to bring a separate cause of action against Cross-defendants for indemnification.

WHEREFORE, Cross-complainant prays for judgment as hereinafter set forth.

## **PRAYER**

1. For a judgment for damages otherwise in accordance with the contentions of Plaintiff as alleged in this Complaint, according to proof at trial;

2. Compensatory damages according to proof at the time of trial;

3. For a judicial determination, adjudicating the obligation of Cross-defendants, and each of them, to defend Cross-complainant herein, to hold Cross-complainant harmless for any judgment or settlement herein and to reimburse Cross-complainant for all monies heretofore or

hereafter expended to repair the 301 MISSION PROJECT and for all costs, expenses, attorneys' fees and all other damages incurred in defending Plaintiff and TRI's action and prosecuting this Cross-Complaint.

    4.    For an order of the Court declaring the rights of Cross-complainant to indemnity from Cross-defendants, and each of them, in regard to all matters alleged in the pleadings in this action;

    5.    For costs of suit herein incurred, including reasonable attorneys' fees;

    6.    For an amount to be determined that Cross-complainant has already expended for repairs and remediation of Cross-defendants' defective work;

    7.    For all monies expended or to be expended to repair, replace and remediate defective work of Cross-defendants; and

    8.    For such other and further relief as the Court may deem just and proper.

Dated: December 12, 2017

GORDON REES SCULLY MANSUKHANI LLP

By: _____
William J. Peters
Matthew T. Hawk
Douglas J. Cefali
Attorneys for Defendant and Cross-Complainant
WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.

*PROOF OF SERVICE*
*Millennium Tower Association v. Mission Street Development LLC, et al.*
San Francisco County Superior Court Action No.: CGC-17-557830

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is: Gordon & Rees Scully Mansukhani LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date indicated below, I served the within documents:

**SUMMONS ON FIRST AMENDED CROSS-COMPLAINT;**
**WEBCOR CONSTRUCTION LP'S FIRST AMENDED CROSS-COMPLAINT**

| | |
|---|---|
| ☒ | By having Nationwide Legal, LLC to transmit via electronic service the document(s) listed above through *File & ServeXpress*. E-service in this action was completed on all parties listed on the Service List with File & ServeXpress. |
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☐ | by electronically transmitting the document(s) listed above to the person(s) at the address(es) set forth below on this date before 5:00 p.m. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 12, 2017 at San Francisco, California.

_____
Dina Cordero