# Exhibit 3

Roger J. Grant, Esq. (State Bar No. 146463)
Charles M. Litt, Esq. (State Bar No. 178401)
John J. Stander, Esq. (State Bar No. 168392)
**FENTON GRANT MAYFIELD KANEDA & LITT, LLP**
1910 Olympic Boulevard, Suite 250
Walnut Creek, CA 94596
Tel: (925) 357-3135 / Fax: (925) 705-4743

Attorneys for Plaintiff
AXIS HOMEOWNERS ASSOCIATION

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 4/4/2018 2:58 PM
Reviewed By: R. Walker
Case #17CV314037
Envelope: 1379411**

# SUPERIOR COURT OF CALIFORNIA

# IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| AXIS HOMEOWNERS ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALMADEN TOWER VENTURE, LLC, a California limited liability company; WEBCOR CONSTRUCTION LP, DBA WEBCOR BUILDERS, a California corporation; and DOES 1 through 400 inclusive,<br><br>Defendants. | **Case No.: 17CV314037**<br><br>Assigned for All Purposes to:<br>Hon. Thomas E. Kuhnle, Dept 5<br>(Complex Civil Litigation)<br><br>[Complaint filed: December 18, 2017]<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF EXPRESS WARRANTIES;**<br>2. **BREACH OF IMPLIED WARRANTIES;**<br>3. **VIOLATION OF STATUTE (CIVIL CODE § 896, ET SEQ.); AND**<br>4. **BREACH OF DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS** |

Plaintiff AXIS HOMEOWNERS ASSOCIATION, a California nonprofit mutual benefit corporation (hereinafter "Plaintiff" or "Association"), alleges as follows:

1.    At all times pertinent hereto Plaintiff was and is incorporated as a California nonprofit mutual benefit corporation established as a common interest development as described in *Civil Code* sections 4080, 4100, and 5980, with its principle place of business within the County of Santa Clara, State of California.

1

2.      The Association is comprised of owners of condominium units, buildings, improvements, structures and other fixtures built and existing upon certain parcels of real property all as more particularly described in the Declaration of Covenants and Restrictions Establishing a Plan for Condominium Ownership for Axis, recorded with the Santa Clara County Recorder, State of California, on December 31, 2007, as Document No. 19698254, and all subsequent amendments and corrections thereto, (hereafter "CC&Rs") as follows:

> All that real property located in the City of San Jose, County of Santa Clara, State of California, more particularly described as Parcel A of Tract No. 9802 on that certain Map filed for record on July 7th, 2006, in Book 803 of Maps, Pages 21 and 22, in the Office of the Recorder of Santa Clara County, California.

3.      The Association oversees the day to day management, maintenance and operation of the Axis common interest condominium development (hereinafter "Condominium Development".)

4.      Plaintiff is informed and believes and based thereon alleges that by the express terms of its governing documents as defined by *Civil Code* section 4150, and pursuant to *Civil Code* sections 945, 4775, and 5980, and *Code of Civil Procedure* section 382, Plaintiff is granted the general authority and responsibility to bring the herein stated claims as a direct action on its own behalf and additionally in a representative capacity on behalf of all owners of condominium units within the Condominium Development.

5.      Plaintiff is informed and believes and based thereon alleges that Plaintiff, in accordance with its governing documents, has the right and duty to manage, operate, control, repair, replace and restore the Condominium Development, including the right to enter into contracts to accomplish its duties and obligations, and has all of the powers necessary to carry out its rights and obligations, including the right, duty, and power to contract for legal services to prosecute any action affecting the Association and/or its membership when such action is deemed by it to be necessary to enforce its powers, rights and obligations, or those of its membership, including the bringing of this action.

6.      Plaintiff is informed and believes and based thereon alleges that pursuant to *Code of Civil Procedure* section 382 and *Civil Code* sections 945, 4775, and 5980, Plaintiff seeks damages for defects in the construction and/or development of the Condominium Development which consist

1   of but are not limited to defects in construction affecting: 1) All real property and/or improvements

2   thereon which are owned by the Association; 2) Association common areas; and 3) Separate interests

3   which the Association is obligated to maintain or repair; and all other components, fixtures, or

4   improvements at the Condominium Development that are within the Associations common and/or

5   general interest, including without limitation separate interest components, fixtures, or

6   improvements therein that may be owned and/or occupied by the Association's membership, but

7   that are within the Association's common and/or general interest and standing within the meaning

8   of *Code of Civil Procedure* section 382, and/or *Civil Code* sections 945, or 5980.

9       7.    Plaintiff is informed and believes and based thereon alleges that, at all times relevant

10  hereto, Defendant ALMADEN TOWER VENTURE, LLC (hereinafter "ALMADEN TOWER

11  VENTURE") was engaged and doing business in the County of Santa Clara, State of California,

12  including but not limited to, development, construction, improvement, marketing and/or sale of mass

13  produced housing generally and *inter alia*, the Condominium Development, specifically.

14       8.    Plaintiff is informed and believes, thereon alleges that, at all times herein mentioned,

15  Defendant WEBCOR CONSTRUCTION LP, DBA WEBCOR BUILDERS (hereinafter

16  "WEBCOR"), a California corporation was engaged and doing business in the County of Santa

17  Clara, State of California including but not limited to development, conversion, supervision,

18  construction and/or improvements of the Condominium Development.  Plaintiff is informed and

19  believes and based thereon alleges that WEBCOR is the entity who retained, employed and/or

20  contracted for the services of certain persons or entities to plan, design, provide for labor and

21  materials in the conversion, construction, and/or improvements of the Condominium Development,

22  and as such, WEBCOR was acting in the capacity of General Contractor for the Condominium

23  Development.

24       9.    Plaintiff is informed and believes and based thereon alleges that Defendant DOES 1

25  through 400, inclusive, whether individual, corporate, associate or otherwise are sued by these

26  fictitious names and whose true names and capacities, at this time, are unknown to Plaintiff.  Plaintiff

27  is informed and believes and thereupon alleges that at all times herein mentioned each of the

28  Defendants sued herein as DOES 1 through 400 was the agent, servant, and employee of his, her or

its co-Defendants, and in doing the things hereinafter mentioned was acting in the scope of his, her or its authority as such agent, servant, and employee, and with the permission, consent and/or ratification of his, her or its co-Defendants; and that each of said fictitiously named Defendants, whether an individual, corporation, association, or otherwise, is in some way liable or responsible to the Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.  At such time as Defendants' true names become known to Plaintiff, Plaintiff will amend this Complaint to insert said true names and capacities.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant DOES 1 through 10, and 350 through 400, inclusive, are, and at all times herein mentioned were, individuals, and/or corporations and/or other business entities organized and existing under the laws of the State of California, with their principal places of business in the State of California.

11.     Plaintiff is informed and believes and based thereon alleges that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendant ALMADEN TOWER VENTURE, and Defendant DOES 1 through 10 and 301 through 400, inclusive, such that any individuality and separateness between Defendant ALMADEN TOWER VENTURE, and Defendant DOES 1 through 10, and 301 through 400, inclusive have for the purposes of the within claims ceased to exist, and Defendant ALMADEN TOWER VENTURE, and Defendant DOES 1 through 10, and 301 through 400, inclusive, are, for the purposes of the within claims, the alter egos of one another.

12.     Plaintiff is informed and believes and thereupon alleges that adherence to the fiction of the separate existence of the Defendant DOES 1 through 10, and 301 through 400, inclusive, as persons or entities distinct from Defendant ALMADEN TOWER VENTURE, or one another, would permit an abuse of the corporate privilege and would promote injustice and sanction fraud.

13.     Plaintiff is informed and believes and based thereupon alleges that Defendant ALMADEN TOWER VENTURE and DOES 301 through 350, inclusive, are and at all times herein mentioned were, mere shells, shams, or alter egos, without necessary insurance, capital, assets, stock, or stockholders, and that Defendant DOES 1 through 10 and 351 through 400, inclusive, conceived, intended and used the above-alleged sham entities/structure to avoid individual liability and/or for

the purpose of substituting financially inadequate corporations and/or other business entities, or individuals in the place of Defendant DOES 1 through 10 and 351 through 400, inclusive.

14.     Plaintiff is informed and believes and based thereupon alleges that at no time after Defendant ALMADEN TOWER VENTURE, and DOES 301 through 350, inclusive, became incorporated and/or were established and/or formed, were adequate stock or membership interests in same authorized to be issued, nor was any permit for issuance of stock or membership interests applied for with the Commissioner of Corporations, nor were other required corporate or other formalities followed.

15.     Plaintiff is informed and believes and based thereupon alleges that Defendant ALMADEN TOWER VENTURE, and DOES 301 through 350, inclusive, are, and at all times herein mentioned were, so inadequately insured, capitalized and managed, that, compared with the business to be done by the Defendant ALMADEN TOWER VENTURE, and Defendant DOES 301 through 350, inclusive, and the risks of loss attendant thereon, such capitalization was illusory.

16.     Plaintiff is informed and believes and based thereon alleges that Defendant ALMADEN TOWER VENTURE, and Defendant DOES 301 through 350, inclusive, are, and at all times herein mentioned were, controlled, dominated, and operated by Defendant DOES 1 through 10 and 351 through 400, inclusive, as their individual businesses and alter egos, in that the activities and business of Defendant ALMADEN TOWER VENTURE, and Defendant DOES 301 through 350, inclusive, corporations were carried out without the holding of directors' or shareholders' meetings, without adequate records or minutes of any corporate proceedings, and without necessary formalities, and furthermore that Defendant ALMADEN TOWER VENTURE, and Defendant DOES 301 through 350, inclusive, entered into personal transactions with Defendant DOES 1 through 10 and 300 through 350, inclusive, without the approval of other directors or shareholders.

17.     Plaintiff is informed and believes and based thereon alleges that as a direct and proximate result of the conduct herein alleged Plaintiff has suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court in that it has been and will hereafter be required to perform investigations and works of repair, restoration, and construction to the Condominium Development to prevent further damage and to restore project structures and

1    improvements to their proper condition and/or will suffer damages in an amount the full nature and

2    extent of which shall be ascertained according to proof at trial.

3         18.    Plaintiff is informed and believes and based thereon alleges that as a direct and

4    proximate result of the conduct herein alleged there exists a unity of interest and ownership between

5    Defendant ALMADEN TOWER VENTURE, and Defendant DOES 1 through 10 and 301 through

6    400, inclusive, such that any individuality and separateness between Defendant ALMADEN

7    TOWER VENTURE and Defendant DOES 1 through 10 and 301 through 400, inclusive, have for

8    the purposes of the within claims ceased to exist, and any adherence to the fiction of the separate

9    existence of the Defendant DOES 1 through 10 and 301 through 400, inclusive, as persons or entities

10   distinct from Defendant ALMADEN TOWER VENTURE or one another, would permit an abuse

11   of the corporate privilege and would promote injustice and sanction fraud.

12        19.    Plaintiff is informed and believes and based thereon alleges that Defendant

13   ALMADEN TOWER VENTURE, and Defendant DOES 1 through 10 and 301 through 400,

14   inclusive, are, for the purposes of the within claims, the alter egos of one another and no distinction

15   can equitably be made or separateness or individuality be adjudged to exist between or among them

16   for the purposes of the prosecution of the within claim or entry of any award herein.

17                                             **I.**

18                              **FIRST CAUSE OF ACTION**

19                             **(Breach of Express Warranties)**

20                 **[Against Defendant ALMADEN TOWER VENTURE, LLC;**

21                             **and DOES 1 to 10, inclusive]**

22        20.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 19, inclusive,

23   as though fully set forth again herein.

24        21.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each

25   of them, expressly warranted through sales brochures of the subject premises, related advertising

26   circulars and materials, the Association's governing documents, contracts of sale, disclosure

27   documents, and related sales warranty information regarding the subject premises, that the

28   Condominium Development and components therein were designed, manufactured and constructed

                                              6

1   free of defects and in a commercially reasonable manner, fit for their intended residential purposes

2   when Defendants, and each of them, offered the units of the Condominium Development and

3   components thereof for sale to the general public for use as residences.

4         22.    Plaintiff is informed and believes and based thereon alleges that Plaintiff and its

5   members relied on Defendants, and each of their express representations that these units and

6   components therein were designed, manufactured and constructed as warranted, free of defects,

7   compliant with applicable codes and ordinances, in a commercially reasonable manner, and

8   reasonably fit for their intended residential purposes.

9         23.    Plaintiff is informed and believes and based thereon alleges that Defendants and each

10   of them, breached these express warranties by manufacturing and/or selling the condominium units

11   of the Condominium Development with the above-described deficiencies in the design,

12   specification, planning, supervision, development, improvement, and repair of the Condominium

13   Development.

14         24.    Plaintiff is informed and believes and based thereon alleges that Plaintiff served its

15   Notice to Builder pursuant to Civil Code section 910, in the within matter, on or about March 8,

16   2012, and all statutes of limitations and repose have been tolled from that date forward, per

17   stipulation of the parties.  Plaintiff is informed and believes that such date is well within four (4)

18   years of when Plaintiff knew or in the exercise of reasonable care should have known of the within

19   alleged misfeasance.

20         25.    Plaintiff is informed and believes and based thereon alleges that as a direct and

21   proximate result of the breach of the express warranties by Defendants, and each of them, as

22   hereinabove alleged Plaintiff and its members suffered damages stemming from the failure of the

23   real property and structures thereon, including without limitation, project curtain walls, windows,

24   doors, parking garage, parking structure, balcony decks, unit interiors, common areas, garage walls,

25   floors and waterproofing, fire resistive systems, roofs, electrical systems, plumbing systems and

26   mechanical systems as herein set forth.

27         26.    Plaintiff is informed and believes and based thereon alleges that as a direct and

28   proximate result of the breaches set forth herein, Plaintiff has suffered damages in an amount

1    precisely unknown, but believed to be within the jurisdiction of this court in that it has been and will

2    hereafter be required to perform investigations and works of repair, restoration, and construction to

3    portions of the structures to prevent further damage and to restore the structures to their proper

4    condition and/or will suffer damages in an amount the full nature and extent of which shall be

5    ascertained according to proof at trial.

6                               **II.**

7                    **SECOND CAUSE OF ACTION**

8                  **(Breach of Implied Warranties)**

9        **[Against Defendant ALMADEN TOWER VENTURE, LLC;**

10                **and DOES 1 to 10, inclusive]**

11        27.      Plaintiff realleges and incorporates by reference Paragraphs 1 through 26, inclusive,

12    as though fully set forth again herein.

13        28.      Plaintiff is informed and believes and based thereon alleges Defendants that pursuant

14    to controlling California authority, as developers, builders and sellers of the within Condominium

15    Development, and improvements therein, Defendants, and each of them, impliedly warranted that

16    the Condominium Development and components thereof were designed, and constructed in a

17    commercially reasonable, good and workmanlike manner, free of defects and suitable for their

18    intended residential purpose when Defendants, and each of them, offered the Condominium

19    Development and components thereof for sale to the general public for use as residences.

20        29.      Plaintiff is informed and believes and based thereon alleges that Plaintiff and its

21    members relied on Defendants, and each of their implied representations that these units and

22    components therein were designed, manufactured and constructed as impliedly warranted, free of

23    defects and in a commercially reasonable manner, and reasonably fit for their intended residential

24    purposes.

25        30.      Plaintiff is informed and believes and based thereon alleges that notwithstanding the

26    foregoing implied warranties, the Condominium Development and subject structures, components,

27    and improvements therein were not constructed in a commercially reasonable, good and

28    workmanlike manner, free of defects and suitable for their intended residential purpose all as herein

**SECOND AMENDED COMPLAINT**

described, but instead, were and are affected by defects in project curtain walls, windows, doors, parking garage, parking structure, balcony decks, unit interiors, common areas, garage walls, floors and waterproofing, fire resistive systems, roofs, electrical systems, plumbing systems, and mechanical systems, as herein set forth.

31.     Plaintiff is informed and believes and based thereon alleges that Plaintiff served its Notice to Builder pursuant to Civil Code section 910, in the within matter, on or about March 8, 2012, and all statutes of limitations and repose have been tolled from that date forward, per stipulation of the parties.  Plaintiff is informed and believes that such date is well within four (4) years of when Plaintiff knew or in the exercise of reasonable care should have known of the within alleged misfeasance.

32.     Plaintiff is informed and believes and based thereon alleges that as a direct and proximate result of the breaches set forth herein, Plaintiff has suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court in that it has been and will hereafter be required to perform investigations and works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper condition and/or will suffer damages in an amount the full nature and extent of which shall be ascertained according to proof at trial.

### III.

### THIRD CAUSE OF ACTION

### (Violation of *Civil Code* Section 896, *et seq.*)

### [Against all Defendants]

33.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 32, inclusive, as though fully set forth again herein.

34.     Plaintiff is informed and believes and based thereon alleges that at the time and place of the within plead development of the Condominium Development by Defendants, there was in effect, California *Civil Code* § 896 which provides as follows:

> "In any action seeking recovery of damages arising out of, or related to deficiencies in, the residential construction, design, specifications,

9

**SECOND AMENDED COMPLAINT**

surveying, planning, supervision, testing, or observation of construction, a builder, and to the extent set forth in Chapter 4 (commencing with Section 910), a general contractor, subcontractor, material supplier, individual product manufacturer, or design professional, shall, except as specifically set forth in this title, be liable for, and the Plaintiff's claims or causes of action shall be limited to violation of, the following standards, except as specifically set forth in this title. This title applies to original construction intended to be sold as an individual dwelling unit. As to condominium conversions, this title does not apply to or does not supersede any other statutory or common law.

(a)     With respect to water issues:

(1) A door shall not allow unintended water to pass beyond, around, or through the door or its designed or actual moisture barriers, if any.

(2) Windows, patio doors, deck doors, and their systems shall not allow water to pass beyond, around, or through the window, patio door, or deck door or its designed or actual moisture barriers, including, without limitation, internal barriers within the systems themselves. For purposes of this paragraph, "systems" include, without limitation, windows, window assemblies, framing, substrate, flashings, and trim, if any.

(3) Windows, patio doors, deck doors, and their systems shall not allow excessive condensation to enter the structure and cause damage to another component. For purposes of this paragraph, "systems" include, without limitation, windows, window assemblies, framing, substrate, flashings, and trim, if any.

(4) Roofs, roofing systems, chimney caps, and ventilation components shall not allow water to enter the structure or to pass beyond, around, or through the designed or actual moisture barriers, including, without limitation, internal barriers located within the systems themselves. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, and sheathing, if any.

(5) Decks, deck systems, balconies, balcony systems, exterior stairs, and stair systems shall not allow water to pass into the adjacent structure. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashing, and sheathing, if any.

(6) Decks, deck systems, balconies, balcony systems, exterior stairs, and stair systems shall not allow unintended water to pass within the systems themselves and cause damage to the systems. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashing, and sheathing, if any.

10

(7) Foundation systems and slabs shall not allow water or vapor to enter into the structure so as to cause damage to another building component.

(8) Foundation systems and slabs shall not allow water or vapor to enter into the structure so as to limit the installation of the type of flooring materials typically used for the particular application.

(9) Hardscape, including paths and patios, irrigation systems, landscaping systems, and drainage systems, that are installed as part of the original construction, shall not be installed in such a way as to cause water or soil erosion to enter into or come in contact with the structure so as to cause damage to another building component.

(10) Stucco, exterior siding, exterior walls, including, without limitation, exterior framing, and other exterior wall finishes and fixtures and the systems of those components and fixtures, including, but not limited to, pot shelves, horizontal surfaces, columns, and plant-ons, shall be installed in such a way so as not to allow unintended water to pass into the structure or to pass beyond, around, or through the designed or actual moisture barriers of the system, including any internal barriers located within the system itself. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashings, trim, wall assemblies, and internal wall cavities, if any.

(11) Stucco, exterior siding, and exterior walls shall not allow excessive condensation to enter the structure and cause damage to another component. For purposes of this paragraph, "systems" include, without limitation, framing, substrate, flashings, trim, wall assemblies, and internal wall cavities, if any.

(12) Retaining and site walls and their associated drainage systems shall not allow unintended water to pass beyond, around, or through its designed or actual moisture barriers including, without limitation, any internal barriers, so as to cause damage. This standard does not apply to those portions of any wall or drainage system that are designed to have water flow beyond, around, or through them.

(13) Retaining walls and site walls, and their associated drainage systems, shall only allow water to flow beyond, around, or through the areas designated by design.

(14) The lines and components of the plumbing system, sewer system, and utility systems shall not leak.

(15) Plumbing lines, sewer lines, and utility lines shall not corrode so as to impede the useful life of the systems.

11

**SECOND AMENDED COMPLAINT**

(16) Sewer systems shall be installed in such a way as to allow the designated amount of sewage to flow through the system.

(17) Showers, baths, and related waterproofing systems shall not leak water into the interior of walls, flooring systems, or the interior of other components.

(18) The waterproofing system behind or under ceramic tile and tile countertops shall not allow water into the interior of walls, flooring systems, or other components so as to cause damage. Ceramic tile systems shall be designed and installed so as to deflect intended water to the waterproofing system.

(b) With respect to structural issues:

(1) Foundations, load bearing components, and slabs, shall not contain significant cracks or significant vertical displacement.

(2) Foundations, load bearing components, and slabs shall not cause the structure, in whole or in part, to be structurally unsafe.

(3) Foundations, load bearing components, and slabs, and underlying soils shall be constructed so as to materially comply with the design criteria set by applicable government building codes, regulations, and ordinances for chemical deterioration or corrosion resistance in effect at the time of original construction.

(4) A structure shall be constructed so as to materially comply with the design criteria for earthquake and wind load resistance, as set forth in the applicable government building codes, regulations, and ordinances in effect at the time of original construction.

(c) With respect to soil issues:

(1) Soils and engineered retaining walls shall not cause, in whole or in part, damage to the structure built upon the soil or engineered retaining wall.

(2) Soils and engineered retaining walls shall not cause, in whole or in part, the structure to be structurally unsafe.

(3) Soils shall not cause, in whole or in part, the land upon which no structure is built to become unusable for the purpose represented at the time of original sale by the builder or for the purpose for which that land is commonly used.

**SECOND AMENDED COMPLAINT**

(d) With respect to fire protection issues:

(1) A structure shall be constructed so as to materially comply with the design criteria of the applicable government building codes, regulations, and ordinances for fire protection of the occupants in effect at the time of the original construction.

(2) Fireplaces, chimneys, chimney structures, and chimney termination caps shall be constructed and installed in such a way so as not to cause an unreasonable risk of fire outside the fireplace enclosure or chimney.

(3) Electrical and mechanical systems shall be constructed and installed in such a way so as not to cause an unreasonable risk of fire.

(e) With respect to plumbing and sewer issues:

Plumbing and sewer systems shall be installed to operate properly and shall not materially impair the use of the structure by its inhabitants. However, no action may be brought for a violation of this subdivision more than four years after close of escrow.

(f) With respect to electrical system issues:

Electrical systems shall operate properly and shall not materially impair the use of the structure by its inhabitants. However, no action shall be brought pursuant to this subdivision more than four years from close of escrow.

(g) With respect to issues regarding other areas of construction:

(1) Exterior pathways, driveways, hardscape, sidewalls, sidewalks, and patios installed by the original builder shall not contain cracks that display significant vertical displacement or that are excessive. However, no action shall be brought upon a violation of this paragraph more than four years from close of escrow.

(2) Stucco, exterior siding, and other exterior wall finishes and fixtures, including, but not limited to, pot shelves, horizontal surfaces, columns, and plant-ons, shall not contain significant cracks or separations.

///

///

///

**SECOND AMENDED COMPLAINT**

(3)    (A) To the extent not otherwise covered by these standards, manufactured products, including, but not limited to, windows, doors, roofs, plumbing products and fixtures, fireplaces, electrical fixtures, HVAC units, countertops, cabinets, paint, and appliances shall be installed so as not to interfere with the products' useful life, if any.

(B) For purposes of this paragraph, "useful life" means a representation of how long a product is warranted or represented, through its limited warranty or any written representations, to last by its manufacturer, including recommended or required maintenance. If there is no representation by a manufacturer, a builder shall install manufactured products so as not to interfere with the product's utility."

35.    Plaintiff is informed and believes and based thereon alleges that at the time and place of the within plead development of the Condominium Development, Defendants were in violation of the aforesaid statute in that they, *inter alia*, constructed the Condominium Development with defects/deficiencies and/or violations of the minimum standards of *Civil Code* § 896, including but not limited to the following: the curtain wall system; the parking garage, including walls, floors and structural walls therein; the balcony deck systems; the podium systems; the building base exterior surfaces; common areas and condominium interiors; garage systems, floors and walls, underground garage waterproofing; plaza deck areas and assemblies; fire resistive construction; roofing systems; electrical systems; and plumbing and mechanical systems.  The forgoing is an illustrative list, and is not intended to be a complete list of the many breaches of the functionality standards that exist.

36.    Plaintiff is informed and believes and based thereon alleges that as a result of the foregoing errors and/or omissions, Plaintiff was damaged and injured in that the pertinent components were and are affected by the foregoing multiple and significant defects, deficiencies, and deviations from the codified requirements, and resultant damages arising therefrom.

37.    Plaintiff is informed and believes and based thereon alleges that the above plead provisions of California Civil Code § 896 were designed to prevent the incidence or occurrence of the type of misfeasance and resulting damages and injuries herein alleged to the class of persons herein alleged to have suffered same, in that the foregoing was enacted to provide for minimum standards of construction applicable to residential construction and was intended to prevent the construction and development of substandard, deficient, and/or defective residential construction

14

1  and resulting damages to the owners thereof and/or the membership of a homeowners association

2  created for the management and governance of a residential common interest development such as

3  the within Plaintiff Association and its membership.

4       38.     In addition, *Civil Code* § 897, provides as follows:

5       "The standards set forth in this chapter are intended to address every
     function or component of a structure. <u>To the extent that a function or</u>

6       <u>component of a structure is not addressed by these standards, it shall</u>
     <u>be actionable if it causes damage</u>" (emphasis added).

7

8       39.     To the extent not encompassed within the foregoing minimum standards provided for

9  by *Civil Code* §896, Plaintiff is informed and believes and based thereon alleges that the above-

10  plead deficiencies in construction effected by Defendants herein, additionally resulted in actual

11  damages to the Plaintiff Association in that it has been and will hereafter be required to perform

12  investigations and works of repair, restoration, and construction to portions of the Condominium

13  Development to prevent further damage and to restore the structures to their proper and/or bargained

14  for condition, and incur related storage and relocation expenses and that any such damages are

15  recoverable pursuant to the foregoing provision of *Civil Code* § 897.

16       40.     With respect to recoverable damages based on the within plead violations and/or

17  deviations, California *Civil Code* § 944 provides that the following are properly recoverable

18  damages:

19       "…damages for the reasonable value of repairing any violation of the
     standards set forth in this title, the reasonable cost of repairing any

20       damages caused by the repair efforts, the reasonable cost of repairing
     and rectifying any damages resulting from the failure of the home to

21       meet the standards, the reasonable cost of removing and replacing any
     improper repair by the builder, reasonable relocation and storage

22       expenses, lost business income if the home was used as a principal
     place of a business licensed to be operated from the home, reasonable

23       investigative costs for each established violation, and all other costs
     or fees recoverable by contract or statute."

24

25       41.     Plaintiff is informed and believes and based thereon alleges that the violation of the

26  above-plead provisions of California *Civil Code* §§ 896 and/or 897, directly and proximately caused

27  injury and damages to the Plaintiff, in an amount precisely unknown, but believed to be within the

28  jurisdiction of this court in that it has been and will hereafter be required to perform investigations

and works of repair, restoration, and construction to portions of the Condominium Development to prevent further damage and to restore the structures to their proper and/or bargained for condition and/or to ensure compliance with the foregoing minimum standards set forth in California *Civil Code* § 896, and incur related storage and relocation expenses.

42.     Plaintiff is informed and believes and based thereon alleges that Plaintiff has properly notified Defendants, and each of them, of the defective conditions of the subject property, and notwithstanding such notice, Defendants, and each of them, have failed to acknowledge responsibility for all of the same or otherwise cause the appropriate restoration and/or repair to be made to the structures at their cost and expense.

43.     Plaintiff is informed and believes and based thereon alleges that the items generally referred to and particularly described herein were latent deficiencies in that the above-described defects arose out of, were attributable to and are directly and proximately caused by the above-described latent deficiencies in the design, specifications, planning, supervision, observation of construction, construction, development and/or improvement of the subject premises and subject structures, and that prior to the time when such latent defects were discovered by Plaintiff as set forth herein, could not have been discovered by the exercise of reasonable diligence. Plaintiff, at all times herein mentioned, relied on the skill of Defendants, and each of them, in producing condominiums that are compliant with required minimum standards and reasonably fit for their intended purpose.

44.     Plaintiff is informed and believes and based thereon alleges that Plaintiff is still not fully aware of all of the causes, the full extent and possible legal significance of the results or causes of the property conditions herein above-described due to the loss being continual and latent in nature, and that further Plaintiff is an organization of lay individuals who have required expert consultations to provide a review of the property conditions, is still not fully aware of all of the causes, the full extent, and possible legal significance of these latent deficiencies, nor is Plaintiff fully informed of the potential causes of the resultant distress due to the loss being continual and latent in nature.

45.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, ignored curing the causes of the defects and pursued a course of development and

1    construction of the Condominium Development so as to increase their profit from the project at the

2    expense of the ultimate purchaser in that said defects became latent defects, not apparent from a

3    casual inspection.

4         46.    Plaintiff is informed and believes and based thereon alleges that any and all repair

5    attempts by Defendants, and each of them, failed to adequately correct said property damages and

6    deficiencies thereby resulting in further damages caused thereby.

7         47.    Plaintiff is informed and believes and based thereon alleges that instead of causing

8    the necessary and required reconstruction and repair of the Condominium Development, Defendants

9    have caused cosmetic, temporary and/or ineffective repairs to be made to various portions of the

10   Condominium Development for the purpose of leading Plaintiff and its members to believe that

11   Defendants were resolving and correcting all deficiencies and/or, Defendants have represented to

12   Plaintiff that such repairs or an offer to make such repairs was and is pending.  By virtue of such

13   conduct, Defendants are estopped to assert that the Plaintiff has not commenced this action in a

14   timely fashion and are further estopped to assert that the Plaintiff may not seek the damages herein

15   sought.

16        48.    Plaintiff is informed and believes and based thereon alleges that as a direct and

17   proximate result of the defects set forth herein, Plaintiff has suffered damages in an amount precisely

18   unknown, but believed to be within the jurisdiction of this court in that it has been and will hereafter

19   be required to perform works of repair, restoration, and construction to portions of the structures to

20   prevent further damages and to restore the structures to their proper condition.  Plaintiff will establish

21   the precise amount of such damages at trial, according to proof, for the following damages:

22        a.     For the costs of correction of the problems, specifically expert investigation,

23             redesign and reconstruction of the problems, including but not limited to those set forth

24             herein, and for which Plaintiff has suffered and/or will suffer damages in an amount the full

25             nature and extent of which shall be ascertained according to proof at trial;

26        b.     For out of pocket costs and expenses incurred and for general and

27             consequential damages to the real property and structures thereon which are the

28             legal/proximate consequence of the problems, including but not limited to those set forth

**SECOND AMENDED COMPLAINT**

herein, and for which Plaintiff has suffered or will suffer damages in an amount the full nature and extent of which shall be ascertained according to proof at trial;

c.     For diminution in value which is the legal/proximate result of the problems, including but not limited to those specified herein, and for which Plaintiff has suffered and/or will suffer damages in an amount the full nature and extent of which shall be ascertained according to proof at trial;

d.     For lost or diminished rental income which is the legal/proximate consequence of the problems, including but not limited to those specified herein, for which Plaintiff has suffered and/or will suffer damages the full nature and extent of which shall be ascertained according to proof at trial;

e.     For relocation costs and related costs when repairs are effectuated, which is the legal/proximate consequence of the problems, including but not limited to those specified herein, for which Plaintiff has suffered and/or will suffer damages the full nature and extent of which shall be ascertained according to proof at trial;

f.     For certain repairs and expert investigation which were completed at Plaintiff's expense which are the legal/proximate consequence of the problems, including but not limited to those specified herein, and for which Plaintiff has suffered and/or will suffer damages the full nature and extent of which shall be ascertained according to proof at trial.

49.     Plaintiff is informed and believes and based thereon alleges the Defendants, and each of them, whether developer, builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, negligently, carelessly, tortiously, and wrongfully failed to use reasonable care in the analysis, preparation, design, manufacture, construction, material supply, or component installation, of the Condominium Development and structures thereon, including without limitation, curtain walls, windows, doors, parking garage, parking structure, balcony decks, unit interiors, common areas, fire resistive systems, garage walls, floors and waterproofing, roofs, electrical systems, plumbing systems, and mechanical systems, as herein set forth.

50.     Plaintiff is informed and believes and based thereon alleges the Defendants, and each

18
**SECOND AMENDED COMPLAINT**

of them, whether builder, contractor, subcontractor, supplier, material men, architect, engineer or otherwise, performed work, labor and/or services for the construction of the Condominium Development, and each knew or, in the exercise of reasonable care, should have known that if the Condominium Development was not properly or adequately designed, engineered, supervised, and/or constructed, that the owners and users would be substantially damaged thereby, and that the Condominium Development and condominium units, buildings, improvements and structures therein would be defective resulting in damages to Plaintiff.

51.     Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them were under a duty to exercise ordinary care as developers, builders, contractors, subcontractors, suppliers, material men, architects, engineers, or otherwise to avoid reasonably foreseeable injury to users and purchasers of the condominium units, buildings, improvements and structures, and knew or should have foreseen with reasonable certainty that purchasers and/or users would suffer the damages set forth herein if said Defendants, and each of them, failed to perform their duty to cause the subject premises and subject structures to be designed, engineered, and constructed in a proper workmanlike manner and fashion with the exercise of reasonable care.

52.     Plaintiff is informed and believes and based thereon alleges that in performing the works of a builder and/or contractor, subcontractor, supplier, material men, architect, engineer or otherwise, said Defendants, and each of them, failed and neglected to exercise reasonable care in performing the work, labor and services properly or adequately in that each said Defendant so negligently, carelessly and in an unworkmanlike manner performed the aforesaid work, labor and/or services such that the subject premises and subject structures as described herein were designed, engineered, and/or constructed defectively, improperly, negligently, carelessly and/or in an unworkmanlike manner.

53.     Plaintiff is informed and believes and based thereon alleges that as a direct and proximate result of the conduct described herein, Plaintiff has suffered damages in an amount precisely unknown, but believed to be within the jurisdiction of this court in that it has been and will hereafter be required to perform investigations and works of repair, restoration, and construction to portions of the structures to prevent further damage and to restore the structures to their proper

1    condition and/or will suffer damages in an amount the full nature and extent of which shall be

2    ascertained according to proof at trial.

3                                              IV.

4                              **FOURTH CAUSE OF ACTION**

5    **(Breach of Declaration of Covenants, Conditions and Restrictions)**

6    **[Against Defendant ALMADEN TOWER VENTURE,**

7                        **and DOES 1 through 10, inclusive]**

8            54.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 53, inclusive,

9    as though fully forth again herein.

10           55.     On or about December 31, 2007, Defendants recorded a document entitled

11   "Declaration of Covenants and Restrictions Establishing a Plan for Condominium Ownership for

12   Axis" with the Santa Clara County Recorder, State of California, as Document No. 19698254.  Said

13   document, together with all subsequent amendments and corrections thereto, are hereinafter referred

14   to as "CC&Rs".  A true and correct copy of the CC&Rs is attached hereto as Exhibit "1".

15           56.     Plaintiff is informed and believes and based thereon alleges that the CC&Rs include

16   provisions that provide for and/or require, among other things, the following:

17           a.      The CC&Rs shall be binding on all parties having any right, title, or interest

18   in the Condominium Development;

19           b.      "Owner," as defined by the CC&Rs, refers to any person(s) or entity(ies)

20   who are alone or collectively the record holder of a fee simple title to a condominium unit

21   in the Condominium Development including the Defendants;  and

22           c.      The Association, or any Owner shall have the right to enforce by

23   proceedings at law or in equity, all restrictions, conditions, covenants, now or hereafter

24   imposed by the provisions of the CC&Rs, amendments thereto, bylaws and/or articles of

25   incorporation, including the right to prevent the violation of any such restrictions,

26   conditions, or reservations and the right to recover damages for such violations.

27           57.     Plaintiff is informed and believes and based thereon alleges, that at the time the

28   CC&Rs were recorded, Defendants, and/or each of them, were the "Owners" of all of the units of

                                              20
                              **SECOND AMENDED COMPLAINT**

1   the Condominium Development.

2        58.    Plaintiff is informed and believes and based thereon alleges that the CC&Rs further

3   provide that the Association shall maintain and repair various project components including without

4   limitation common areas and all structures, land and improvements thereon, including project

5   curtain walls, windows, doors, parking garage, parking structure, balcony decks, unit interiors,

6   common areas, garage walls, floors and waterproofing, fire resistive systems, roofs, electrical

7   systems, plumbing systems, and mechanical systems.

8        59.    Plaintiff is informed and believes and based thereon alleges that the CC&Rs provide

9   that each owner shall pay assessments to the Association for the purpose of promoting the

10  Condominium Development's welfare, operating, improving, and maintaining the Association

11  property, and discharging any other Association obligations under the CC&Rs.

12       60.    Plaintiff is informed and believes and based thereon alleges that at the time the

13  CC&Rs were recorded, Defendants were owners of all of the units of the Condominium

14  Development and the only Members thereof, and in addition, at this time, Defendants and/or their

15  agents and/or employees constituted and thereby controlled the Association's entire board of

16  directors.

17       61.    Plaintiff is informed and believes and based thereon alleges that Defendants, and each

18  of them, breached the obligations and duties imposed upon them by the CC&Rs, at times pertinent,

19  as alleged herein, in that they *inter alia*: failed and/or refused to make necessary repairs to

20  Association maintained components or defects discovered therewith; failed to notify the subsequent

21  members of the Association of such defective conditions or their failures to remedy same; failed to

22  pay for damages they and/or their agents or employees caused to the Condominium Development;

23  and failed to initially budget, establish, pay, or collect reserves funds sufficient for the Plaintiff

24  Association to discharge its obligations as mandated by the Association CC&Rs, and completed

25  and/or represented that they would complete repairs sufficient to address defects affecting the

26  Condominium Project while failing to do so.

27       62.    Plaintiff is informed and believes and based thereupon alleges that as a direct and

28  proximate result of the conduct herein alleged Plaintiff has suffered damages in an amount precisely

**SECOND AMENDED COMPLAINT**

unknown, but believed to be within the jurisdiction of this court in that it has been and will hereafter be required to perform investigations and works of repair, restoration, and construction to portions of the Condominium Development to prevent further damage and to restore the structures and improvements thereon to their proper condition, and has been underfunded and left with insufficient reserves to address the defects and deficiencies affecting the construction of the Condominium Development.

63.   Plaintiff is entitled to recovery of reasonable attorney's fees pursuant to the provisions of the CC&Rs, and also pursuant to *Civil Code* § 5975, which provides in pertinent part as follows:

> "(c)   In an action to enforce the governing documents, the prevailing party <u>shall</u> be awarded reasonable attorney's fees and costs." (Emphasis added).

**WHEREFORE, Plaintiff prays for an award herein as follows:**

1.   For general and special damages according to proof at trial;

2.   For costs of suit and attorneys' fees incurred by Plaintiff herein; and

3.   For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2018

**FENTON GRANT MAYFIELD KANEDA & LITT LLP**

By: _____

JOHN J. STANDER, ESQ.
Attorneys for Plaintiff,
AXIS HOMEOWNERS ASSOCIATION

**SECOND AMENDED COMPLAINT**