# Exhibit 4

| | | |
|---|---|---|
| 1 | SANDY M. KAPLAN  (SBN: 095065)<br>MATTHEW T. HAWK  (SBN: 227225) | **Electronically Filed**<br>**by Superior Court of CA,** |
| 2 | AMY K. ALEXANDER  (SBN: 236728)<br>GORDON REES SCULLY MANSUKHANI LLP | **County of Santa Clara,**<br>**on 5/17/2018 12:50 PM** |
| 3 | 275 BATTERY STREET, SUITE 2000<br>SAN FRANCISCO, CA 94111 | **Reviewed By: E. Fang**<br>**Case #17CV314037** |
| 4 | TELEPHONE:  (415) 986-5900<br>FACSIMILE:  (415) 986-8054 | **Envelope: 1528781** |
| 5 | skaplan@grsm.com | |
|   | mhawk@grsm.com | |
| 6 | aalexander@grsm.com | |

Attorneys for Defendants and Cross-Complainants
ALMADEN TOWER VENTURE, LLC and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.

### SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| AXIS HOMEOWNERS ASSOCIATION, a California non-profit mutual benefit corporation,<br><br>             Plaintiff,<br><br>    v.<br><br>ALMADEN TOWER VENTURE, LLC. a California limited liability company; WEBCOR CONSTRUCTION LP, DBA WEBCOR BUILDERS, a California corporation and DOES 1-400 inclusive,<br><br>             Defendants.<br>_____<br>ALMADEN TOWER VENTURE, LLC; WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.<br><br>             Cross-Complainants,<br><br>    v.<br><br>ACCO ENGINEERED SYSTEMS; CENTRAL CONCRETE SUPPLY CO., INC., a Texas corporation; GLACIER NORTHWEST, INC., a Washington corporation; BRASS-CRAFT OF CALIFORNIA; BRASS-CRAFT PACIFIC, INC; BRASS-CRAFT WESTERN COMPANY; BRASSCRAFT MANUFACTURING COMPANY; EZ-FLO INTERNATIONAL, INC.; and ROES 1 through 100,<br><br>             Cross-Defendants. | CASE NO. 17CV314037<br><br>**ALMADEN TOWER VENTURE, LLC and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.'S CROSS-COMPLAINT FOR:**<br><br>1.   **EXPRESS INDEMNITY;**<br>2.   **EQUITABLE INDEMNITY & CONTRIBUTION**<br>3.   **DECLARATORY RELIEF** |

*Gordon & Rees Scully Mansukhani LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

CROSS-COMPLAINT

Defendants and Cross-Complainants ALMADEN TOWER VENTURE, LLC and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC. (hereinafter collectively "Defendants" or "Cross-complainants") alleges:

## GENERAL ALLEGATIONS

1. ALMADEN TOWER VENTURE, LLC. was, and at all times relevant hereto is, a limited liability corporation organized and existing under the laws of the State of California and at all relevant time was doing business in the State of California.

2. WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC. was, and at all times relevant hereto is, a limited partnership organized and existing under the laws of the State of Delaware. and at all relevant time was doing business in the State of California.

3. ALMADEN TOWER VENTURE, LLC. and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC. will collectively be referred to as "Cross Complainants."

4. Cross-complainants served as the developer and general contractor of real property located at 38 N. Almaden Blvd. in San Jose, California consisting of a 22-floor tower, a subterranean garage, and 329 residential units. ("PROJECT")

## CROSS-DEFENDANTS

5. Cross-complainants allege upon information and belief that CENTRAL CONCRETE SUPPLY CO., INC. is a Texas corporation and at all relevant times was doing business in the State of California.

6. Cross-complainants allege upon information and belief that GLACIER NORTHWEST, INC. is a Washington corporation and at all relevant times was doing business in the State of California.

7. Cross-complainants allege upon information and belief that ACCO ENGINEERED SYSTEMS, INC. is a California corporation and at all relevant times was doing business in the State of California.

8. Cross-complainants allege upon information and belief that BRASS-CRAFT OF CALIFORNIA was at all times authorized and was doing business in the State of California.

9. Cross-complainants allege upon information and belief that BRASS-CRAFT PACIFIC, INC. was at all times authorized and was doing business in the State of California.

10. Cross-complainants allege upon information and belief that BRASS-CRAFT WESTERN COMPANY was at all times authorized and was doing business in the State of California.

11. Cross-complainants allege upon information and belief that BRASSCRAFT MANUFACTURING COMPANY was at all times authorized and was doing business in the State of California.

12. Cross-complainants allege upon information and belief that EZ-FLO INTERNATIONAL, INC. is a California corporation and at all relevant times was doing business in the State of California.

13. Cross-complainants allege that the true names and/or capacities, whether individual, corporate, associate or otherwise, of the Cross-defendants and ROES 1 through 100, inclusive, are unknown to Cross-complainants, who, therefore, sue said Cross-defendants by such fictitious names.  Cross-complainants are informed and believe and thereon allege that Cross-defendant ROES 1 through 100, inclusive, are subcontractors, their agents, employees, material men, suppliers, and/or manufacturers.

14. Cross-complainants are informed and believe and thereon allege that at all times herein mentioned Cross-defendants, and each of them, were the agents, servants, partners and employees of other Co-defendants, and each was acting within the scope of its authority as agent, servant, partner and employee and with the permission and consent of each of the other Cross-defendants.

15. Each and all Cross-defendants were engaged in the investigation, manufacture, assembly, design, production, maintenance, supervision, repair, construction and/or the provision of labor, design, supplies, hardware, materials, and appliances for the real property known as the PROJECT.  The true names and capacities, whether individual, corporate, associate, or

Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

otherwise, of Cross-defendants named herein as ROES 1 through 100, inclusive, are unknown to cross-complainant, who therefore, sues said Cross-defendants by such fictitious names. Cross-complainant is informed and believes, and thereupon alleges, that each of these Cross-defendants designated as a fictitiously named Cross-defendant is, and in some manner, was responsible for the events and happenings herein referred to in the cross-complaint herein alleged. Cross-complainants will amend this cross-complaint to allege their true names and capacity when the same have been determined.

16.   On April 4, 2018, Plaintiff filed its Second Amended Complaint for damages in Santa Clara County Superior Court, Action No. 17CV314037, seeking damages for Breach of Express Warranties, Breach of Implied Warranties, Violation of Statute (Civ. Code § 896 *et seq.*), and Breach of Declaration of Covenants Conditions and Restrictions against Cross-complainants and DOES 1 through 400, inclusive (hereinafter "Complaint").

17.   The actual construction and design defects alleged by Plaintiff in the Complaint regarding the PROJECT include the allegations that Cross-complainants failed to provide adequate construction services, materials, equipment and/or supplies; and that Cross-complainants negligently planned, designed, improved, constructed, inspected, installed or repaired and placed PROJECT elements. Plaintiff's Complaint alleges numerous defects and physical damage to the PROJECT.

18.   Plaintiff's Complaint is incorporated herein by reference, as if set forth in full for the purpose of illustrating the allegations contained therein, not for the truth of said allegations. Cross-complainants filed an answer to Plaintiff's Complaint which denies the material allegations of the Complaint and further denies that Cross-complainants are in any way responsible or liable in any manner whatsoever for any damages alleged in the Complaint to have been suffered by Plaintiff. Cross-complainants further contend that the alleged damages to Plaintiff, if any, were caused solely by the failure of the Cross-defendants named herein, and ROES 1-100, to exercise due care in connection with the performance of their various duties at PROJECT, or to otherwise adequately discharge their contractual obligations to Cross-complainants.

**FIRST CAUSE OF ACTION**
**(Breach of Express Indemnity against ACCO ENGINEERED SYSTEMS, CENTRAL CONCRETE SUPPLY CO., INC. and ROES 1 through 50, inclusive)**

19. Cross-complainants incorporate by reference Paragraphs 1 through 18 of this cross-complaint as though fully set forth herein.

20. Cross-complainants are informed and believe and thereon allege that Cross-Defendants, and each of them as designated above, entered into written contracts with Cross-complainants which stated, among other things, that Cross-Defendants would indemnify and hold Cross-complainants free and harmless from any and all claims, losses, damages, injuries and/or liabilities caused by Cross-Defendants, their agents or employees, and each of them.

21. Cross-complainants are informed and believe and thereon allege that the defects and damages claimed by Plaintiff were caused by Cross-Defendants, and each of them, arising out of and connected with the performance of Cross-Defendants' obligations pursuant to the written agreement(s) entered into by each of them with Cross-complainants herein.

22. Cross-complainants are informed and believe and thereon allege that Cross-Defendants, and each of them, entered into contracts with others in the performance of services provided in the construction of the Project and are responsible for all acts and omissions of its subcontractors, agents and employees.

23. Cross-complainants are informed and believe and thereon allege that Cross-Defendants, and each of them as designated above, entered into written agreements with Cross-complainants which stated, among other things that Cross-Defendants would be liable for all attorneys' fees and costs incurred by Cross-complainants in the event of a dispute regarding work performed by Cross-Defendants.

24. Cross-complainants have retained the services of GORDON REES SCULLY MANSUKHANI LLP to defend the action herein, thereby incurring costs, consultants' fees, attorneys' fees and other litigation fees in the defense of this action and prosecution of this Cross-complaint. Cross-complainants will amend this Cross-complaint to show the amount of said costs and attorneys' fees when the same become known to Cross-complainant.

WHEREFORE, Cross-complainants pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
**(Equitable Indemnity and Contribution Against All Cross-Defendants)**

25. Cross-complainants incorporate by reference Paragraphs 1 through 24 of this cross-complaint as though fully set forth herein.

26. As previously alleged herein, Plaintiff has alleged negligent and/or improper design and/or construction of the PROJECT, the true extent of which is unknown, and which allegedly has resulted in distress, or injury.

27. Cross-complainants are without active fault, culpability or negligence in the above-referenced claim for damages, but is being required to defend itself in an action solely as a result of Cross-defendants' tortious conduct. Cross-defendants, and each of them, therefore have an equitable obligation to indemnify and hold Cross-complainants harmless from and against any and all claims, losses, damages, attorneys' fees, costs, judgments and settlement expenses incurred in mitigation and defense against any action or claim asserted against Cross-complainants.

28. Cross-complainants contend that, pursuant to the California Supreme Court's decision in *American Motorcycle Assn. v. Superior Court* (1978) 20 Cal.3d 578, Cross-complainants are entitled to proceed against Cross-defendants, and each of them, for a determination of the extent to which Cross-defendants should indemnify Cross-complainants for any judgment made or entered against Cross-complainants arising from any assertions of design-defects, construction defects and/or damages in this action.

29. Cross-complainants further contend that if they are found liable to Plaintiff or others, Cross-complainants should be indemnified by Cross-defendants, and each of them, on the basis of a comparison of Cross-complainants' comparative fault (if any) with that of Cross-defendants, and each of them, under the principles of partial and comparative indemnity set forth in *American Motorcycle.*

30. By reason thereof, Cross-complainants contend that if they are held liable to Plaintiff upon their Complaint, then Cross-complainants are entitled to be indemnified by all Cross-defendants, and each of them, in whatever amounts may be adjudged, and for its costs and

Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

expenses incurred in the defense of this action, including reasonable attorneys' fees. Cross-complainants further contend that they are entitled to be indemnified for expenditures heretofore and hereafter made in connection with the repairs of the PROJECT. The total amount of Cross-complainants' costs and attorneys' fees is not yet known, and Cross-complainants will ask leave of this Court to insert such amounts at the time of trial.

WHEREFORE, Cross-complainants pray for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(For Declaratory Relief Against All Cross-Defendants)**

31. Cross-complainants incorporate by reference Paragraphs l through 30 of this Cross-Complaint as though if fully set forth herein.

32. An actual controversy has arisen and now exists among Cross-complainants and Cross-defendants, and each of them, in that Cross-complainants contend that:

33. As between Cross-complainants and the Cross-defendants, liability and responsibility, if any, for damages claimed in connection with the Complaint by Plaintiff herein rests entirely or partially with Cross-defendants, and each of them;

34. As a result, Cross-defendants, and each of them, are obligated to indemnify Cross-complainants for the sums which Cross-complainants may be compelled to pay as a result of damages, judgment or other award recovered by the Plaintiffs, or any of them, against Cross-complainants;

35. As a further result, Cross-complainants are entitled to reimbursement of all sums which it has paid or will pay in connection with Plaintiffs' claims; and Cross-complainants are entitled to be indemnified and held harmless by Cross-defendants and be reimbursed for their attorneys' fees and costs.

36. Cross-complainants are informed and believe, and thereon allege, that the Cross-defendants, and each of them, deny such liability, responsibility, obligations and duties.

37. Cross-complainants desire a judicial determination of the respective rights and duties of Cross-complainants and the Cross-defendants, and each of them, with respect to damages claimed in the complaint filed by Plaintiffs herein. In particular, Cross-complainants

desire a declaration of the respective liabilities of Cross-complainants and Cross-defendants for such damages which Cross-complainants may be compelled to pay, whether by settlement entered into by Cross-complainants or by judgment which may be rendered against Cross-complainants. Cross-complainants further desire a judicial determination that it is entitled to reimbursement for all expenses incurred and to be incurred by it in repairing the subject property, and that Cross-complainants are entitled to reimbursement for all costs and expenses incurred and to be incurred by it in defending against Plaintiff's Complaint and in prosecuting this Cross-complaint, including reasonable attorneys' fees.

38. If it is determined herein that Cross-complainants are liable in any way by reason of any facts alleged in Plaintiff's Complaint, or otherwise, Cross-complainants are entitled to be indemnified in an amount proportionate to the extent Cross-defendants, and each of them, caused and contributed to the damages recovered by Plaintiff, if any, in the within action.

39. The judicial determination of the rights of Cross-complainants to indemnity from Cross-defendants, and each of them, is necessary and appropriate at this time in order that Cross-complainants ascertain their rights with respect to the claims of Plaintiffs herein for damages, and in order that Cross-complainants may avoid the multiplicity of actions which will otherwise result if it is required to defend against the claim of Plaintiffs in the complaint and then to bring a separate cause of action against Cross-defendants for indemnification.

WHEREFORE, Cross-complainants pray for judgment as hereinafter set forth.

## **PRAYER**

1. For a judgment for damages otherwise in accordance with the contentions of Plaintiff as alleged in this Complaint, according to proof at trial;

2. Compensatory damages according to proof at the time of trial;

3. For a judicial determination, adjudicating the obligation of Cross-defendants, and each of them, to defend Cross-complainants herein, to hold Cross-complainants harmless for any judgment or settlement herein and to reimburse Cross-complainants for all monies heretofore or hereafter expended to repair PROJECT and for all costs, expenses, attorneys' fees and all other damages incurred in defending Plaintiffs' action and prosecuting this Cross-Complaint.

4. For an order of the Court declaring the rights of Cross-complainants to indemnity from Cross-defendants, and each of them, in regard to all matters alleged in the pleadings in this action;

5. For costs of suit herein incurred, including reasonable attorneys' fees;

6. For an amount to be determined that Cross-complainants have already expended for repairs and remediation of Cross-defendants' defective work;

7. For all monies expended or to be expended to repair, replace and remediate defective work of Cross-defendants; and

8. For such other and further relief as the Court may deem just and proper.

Dated: May 17, 2018

GORDON REES SCULLY MANSUKHANI LLP

By: _____
SANDY M. KAPLAN
MATTHEW T. HAWK
AMY K. ALEXANDER
Attorneys for Defendants and Cross-Complainants
ALMADEN TOWER VENTURE, LLC and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.

**PROOF OF SERVICE**
*Axis Homeowners Association v. Almaden Tower Ventrure, LLC*
Santa Clara County Superior Court - Case No.: 17CV314037

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On the date indicated below, I served the within documents:

**SUMMONS ON CROSS-COMPLAINT & ATTACHMENT TO SUMMONS ON CROSS-COMPLAINT;**

**ALMADEN TOWER VENTURE, LLC and WEBCOR CONSTRUCTION LP, dba WEBCOR BUILDERS, survivor to a merger with WEBCOR CONSTRUCTION, INC.'S CROSS-COMPLAINT;**

| | |
|---|---|
| [X] | by ELECTRONIC SERVICE: by instructing Nationwide Legal to e-serve the document(s) listed above pursuant to the court mandatory e-filing and e-service. E-service in this action was completed on all parties listed on the Odyssey E-Service List. |
| [ ] | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| [ ] | by electronically transmitting the document(s) listed above to the person(s) at the address(es) set forth below on this date before 5:00 p.m. |
| [X] | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below. |
| [ ] | by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDERAL EXPRESS as part of the ordinary business practices of Gordon & Rees LLP described below, addressed as follows: |

Roger J. Grant, Esq.
Charles M. Litt, Esq.
John C. Stander, Esq.
FENTON GRANT MAYFIELD KANEDA & LITT, LLP
1910 Olympic Boulevard, Suite 250
Walnut Creek, CA 94596
Tel: (925) 357-3135
Fax: (925) 705-4743
charleslitt@fentongrant.com
jstander@fentongrant.com
***Attorneys for Plaintiff Axis Homeowners Association***

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **May 17, 2018** at San Francisco, California.

_____
Dina Cordero

Gordon & Rees Scully Mansukhani LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1072863/36465624v.1