# Exhibit 5

LAW OFFICES
MONTELEONE & McCRORY, LLP
725 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Tel: (213) 612-9900  Fax: (213) 612-9930

WILLIAM J. INGALSBE (SBN 66278)
DIANA M. DRON (SBN 86195)
J. MICHAEL GRIMM (SBN 295224)

Attorneys for Cross-Defendant
Glacier Northwest, Inc.

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**11/28/2017**
Clerk of the Court
BY:EDNALEEN ALEGRE
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MILLENNIUM TOWER ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MISSION STREET DEVELOPMENT, LLC, a Delaware Limited Liability Company; et al.,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. CGC-17-557830<br>[Assigned for All Purposes to the Hon. Curtis E.A. Karnow-Dept. 304]<br><br>**GLACIER NORTHWEST, INC.'S MOTION TO QUASH WEBCOR CONSTRUCTION, INC'S SUMMONS AND CROSS-COMPLAINT**<br><br>Action Filed: March 29, 2017<br>Trial Date: None set.<br><br>Date: December 20, 2017<br>Time: 2:00 p.m.<br>Place: Dept. 304 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on December 20, 2017, or as soon thereafter as the motion can be heard, Glacier Northwest, Inc. (hereinafter "Glacier") will move the Court for an order quashing the service on Glacier of the summons and cross-complaint of Webcor Construction LP, dba Webcor Builders, survivor to a merger with Webcor Construction, Inc. (hereinafter "Webcor").

Glacier makes this special appearance on the grounds that the state of California does not have jurisdiction over Glacier pursuant to California *Code of Civil Procedure* (hereinafter "CCP") §418.10. Glacier is a Washington corporation which does not do

---
1
GLACIER NORTHWEST, INC.'S MOTION TO QUASH WEBCOR CONSTRUCTION, INC'S SUMMONS AND CROSS-COMPLAINT

1  business in California.
2      This motion is based on the attached memorandum of points and authorities, the
3  affidavit of Douglas Anderson, the declaration of J. Michael Grimm, the pleadings and
4  papers on file in this action, and on such other oral or documentary evidence as may be
5  presented at the hearing of this motion.

7  Dated: November 22, 2017              MONTELEONE & McCRORY LLP

9                                       By /s/ J. Michael Grimm
10                                          William J. Ingalsbe
                                            Diana M. Dron
11                                          J. Michael Grimm
                                            Attorneys for Cross-Defendant
12                                          Glacier Northwest, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

Glacier is a Washington corporation that does not do business in the state of California and does not have the requisite minimum contacts giving rise to general or specific jurisdictional grounds upon which personal jurisdiction may be established. (Anderson Aff. at ¶4). Plaintiff is a homeowner's association which brought suit against multiple parties for the alleged defective design and construction of a residential high-rise in San Francisco, California. (Grimm Decl. at ¶2). Webcor is one of the defendants named in the complaint. (Grimm Decl. at ¶2). In its cross-complaint, Webcor named Glacier as a cross-defendant, alleging causes of action of equitable indemnity, contribution and declaratory relief against Glacier. (Grimm Decl. at ¶3). Glacier is a ready-mixed concrete supplier incorporated in Washington, with its principal place of business in Seattle, Washington and does not do any business in the state of California. (Anderson Aff. at ¶3 and ¶4).

### II. LEGAL ARGUMENT
#### A. Glacier Does Not Have a Substantial Connection with California

A court must have personal jurisdiction over the parties to a civil action. In the absence of personal jurisdiction over a defendant, the court has no authority to render a valid judgment against that party nor to act in any other respect. See *e.g., Schwenke v. J&P Scott, Inc.* (1988) 205 Cal.App.3d 71. Facts of this case show that California courts lack jurisdiction over Glacier, so the service of the summons and cross-complaint must be quashed.

The United States Supreme Court has long held that the due process clause in the 14th amendment of the United States Constitution limits the ability of courts in a state to exercise jurisdiction over out-of-state defendants. See *e.g., International Shoe v. Washington* (1945) 326 U.S. 310. It is well settled that unless a defendant consents to litigation in a state, a court can exercise personal jurisdiction only if the defendant has

"minimum contacts" with that state. *Id.* Through numerous cases, the United States Supreme Court has clarified the test for "minimum contacts" to two inquiries: general jurisdiction and specific jurisdiction. If neither exists, due process prevents a court from forcing the defendant to appear.

General jurisdiction over a foreign corporation may exist when the corporation's affiliations with the State are so "continuous and systematic" as to render the corporation essentially at home in the forum state. *Id.* at 317. Glacier does not do any business in the state of California, so any allegation implying Glacier's contacts with California are so continuous and systematic cannot be supported.

In addition to general jurisdiction, specific jurisdiction also does not exist. Specific jurisdiction analyzes whether there is a "substantial connection" between a defendant and the forum state. Not only is Glacier an out of state corporation that does not do business in the state of California, the cross-complaint does not even make an allegation that would avail Glacier to jurisdiction in California. (Anderson Aff. at ¶4; Grimm Decl. at ¶3). The causes of action against Glacier are for equitable indemnity, contribution and declaratory relief, or potential damages. Minimum contacts in the form of potential damages is not a "substantial connection" which would subject a defendant to personal jurisdiction.

The Supreme Court has said "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.' " *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977)). For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore* (2014) 134 S.Ct. 1115, 1121. In order for this Court to have personal jurisdiction over Glacier, Webcor must demonstrate a "substantial connection" between Glacier and California. The relationship between an out of state defendant and the forum state must arise out of the contacts created by the out of state

defendant within the forum. See *Walden* at 1122. There is no evidence that Glacier has any contacts with California and there is not even an allegation in Webcor's cross-complaint of any such contacts. (Grimm Decl. at ¶3). A Plaintiff [or cross-complainant] cannot be the only link between the defendant and the forum. *Walden* at 1122. That is an insufficient basis for jurisdiction. *Id.* at 1122-1123.

Moreover, the "substantial connection" cannot be the mere fact that Glacier may have sold a product which was ultimately used in California.

> "The "substantial connection" between a defendant and the forum State necessary for a finding of minimum contacts must derive from an action purposely directed toward the forum State, and the mere placement of a product into the stream of commerce is not such an act, even if done with an awareness that the stream will sweep the product into the forum State absent additional conduct indicating an intent to serve the forum state market." *Asahi Metal Industry Co., LTD v. Superior Court of California, Solano County* (1987) 402 U.S. 102, 103-104.

As found in *Asahi*, there must be additional activities between Glacier and the state of California that would create a "substantial connection", and jurisdiction in California. As Glacier did not perform any additional activities, and none are alleged, there are no minimum contacts upon which personal jurisdiction may be established.

### B. It Is Not Reasonable to Subject Glacier to California Jurisdiction

Assuming *arguendo* that this Court finds that there is a substantial connection between Glacier and California, it is not reasonable to force Glacier into defending a lawsuit in California. In determining whether California courts have jurisdiction over Glacier, the

Court must consider whether personal jurisdiction "comport[s] with fair play and substantial justice." *Burger King Corp. v. Rudzewicz* 471 U.S. 462, 476-477. This reasonableness requirement of fair play and substantial justice may defeat local jurisdiction even if the defendant has purposefully engaged in forum-related activities. See *Asahi* at 115; *Burger King* at 477-478.

The Court should give substantial deference to the facts of this case. Glacier was named in the cross-complaint in the event that Webcor is found to have some liability in the underlying action. The Plaintiff, Millennium Tower Association, has not alleged that Glacier is at fault for the defective design and construction of the high-rise. (Grimm Decl. at ¶2). Glacier's principal place of business is in Seattle, Washington (Anderson Aff. at ¶3), Glacier was incorporated as a Washington corporation in 1991 (Anderson Aff. at ¶2), and Glacier does not do any business in the State of California (Anderson Aff. At ¶4). The underlying case has a 49-page, 206-paragraph complaint for damages of at least $200 million, with at least 30 parties (likely to far exceed 30 through cross-complaints). (Grimm Decl. at ¶2). To force a corporation with no ties to California and potentially the slightest of minimum contacts (although Glacier contends it does not have minimum contacts to establish personal jurisdiction) is manifestly unreasonable, and does not comport with fair play and substantial justice.

Glacier is a foreign corporation, which does not do any business in California. California courts recognize remoteness for a tortfeasor, and the same principle should be applied to Glacier, should the Court find a "substantial connection". In *Farris v. Capt J.B. Fronapfel Co.*, the court said that a nonresident tortfeasor may not be subject to California jurisdiction if the tortious conduct is "too remote in time and causal connection" to the injuries suffered in California. *Farris v. Capt J.B. Fronapfel Co.* (1986) 182 CA.3d 982, 990. Merely supplying a product that ended up in California bears no causal connection to the design and construction defects which are causing the Millennium Towers to displace, and Glacier should not be subjected to the overbearing underlying action for its role (or

lack thereof) on the Project.

**CONCLUSION**

The cross complaint against Glacier should be quashed because Glacier does not have a "substantial connection" with California, and subjecting Glacier to the underlying lawsuit would not comport with fair play and substantial justice. For the aforementioned reasons, the motion should be granted, and service quashed.

Dated: November 22, 2017               MONTELEONE & McCRORY LLP


                                       By _/s/ J. Michael Grimm_
                                          William J. Ingalsbe
                                          Diana M. Dron
                                          J. Michael Grimm
                                          Attorneys for Cross-Defendant
                                          Glacier Northwest, Inc.

# DECLARATION OF J. MICHAEL GRIMM

I, J. Michael Grimm, declare as follows:

1. I am an attorney licensed to practice law in the state of California and an associate attorney with Monteleone & McCrory, LLP. If called to testify, I could and would testify to the following facts.

2. I have read the complaint filed by Plaintiff, Millennium Towers Association. The Plaintiff is a homeowner's association which has brought suit for the alleged defective design and construction of a residential high-rise in San Francisco, California. The Complaint is 49 pages, has 206 paragraphs, and seeks recovery in an amount likely to exceed $200 Million. Webcor is named as a defendant, but Glacier is not.

3. I have read Webcor's cross-complaint, and its sole reference to Glacier is that Glacier is a Washington Corporation that was doing business in California at all relevant times. Webcor does not allege any business activities Glacier was supposedly conducting in California. Webcor states causes of action against Glacier for equitable indemnity, contribution and declaratory relief.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 22, 2017, at Los Angeles, California.

*J. Michael Grimm*
J. Michael Grimm

1

# AFFIDAVIT

I, Douglas Anderson, a resident of the State of Washington, and Vice President of Glacier Northwest, Inc. ("Glacier"), do solemnly attest that the following is the truth, the whole truth and nothing but the truth:

1. Glacier is a Washington based corporation which specializes in supplying concrete, cement and rock products.
2. Glacier was incorporated in the State of Washington on February 19, 1991.
3. Glacier's principal place of business is in Seattle, Washington.
4. Glacier does not do any business in the State of California.

Executed on November 20, 2017 at in the City of Vancouver, State of Washington.

*/s/ Douglas Anderson*

# Acknowledgment by Individual



State of Washington

County of _____Clark_____

I certify that I know or have satisfactory evidence that ___Douglas Anderson___ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated _____11-20-2017_____

Notary signature _____[signature]_____

Title _____Notary_____

My appointment expires _____10-1-2021_____

Place Seal Here

[Notary Seal: VALESHA ODELL, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES 10-01-2021]

**For Bank Purposes Only**

**Description of Attached Document**

Type or Title of Document
_____Affidavit_____

Document Date
_____11-20-2017_____

Number of Pages
_____1_____

Signer(s) Other Than named Above
_____N/A_____



F 0 0 1 - 0 0 0 D S G 5 3 5 0 W A

DSG5350WA (Rev 01 - 05/17)

© 2017 Wells Fargo Bank, N.A.
All rights reserved.

PROOF OF SERVICE [1013A(3) CCP]

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa St., Suite 3200, Los Angeles, CA 90017.

On November 22, 2017, I served the foregoing document described as:

**GLACIER NORTHWEST, INC.'S MOTION TO QUASH WEBCOR CONSTRUCTION, INC'S SUMMONS AND CROSS-COMPLAINT**

on the interested parties in this action by means specified below:

[X] **VIA ELECTRONIC SERVICE:** Complying with Code of Civil Procedure § 1010.6, my electronic business address swatek@mmlawyers.com and I caused such document to be electronically served through FileAndServeXpress to the parties on the Service List maintained on the FileAndServeXpress Website for this case. The file transmission was reported as complete and a copy of the FileAndServeXpress Receipt will be maintained with the original document in our office.

[] **BY MAIL** – I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with first class postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[] **BY PERSONAL SERVICE** — I delivered such envelope by hand to the person(s) named above.

[] **BY FACSIMILE TRANSMISSION** — I transmitted said documents to the offices of the addressee(s) listed above via facsimile. The facsimile numbers are noted above.

[] **BY ELECTRONIC DELIVERY** — I caused a copy of the original document to be transmitted to the person(s) named above *via* e-mail to the e-mail address(es) listed for such person(s), and with the consent and permission of the addressee(s) to accept service by such electronic means.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 22, 2017, at Los Angeles, California.

_____
Elena Swatek