THE HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GLACIER NORTHWEST, INC., | Case No. 2:18-cv-00556 TSZ |
| Plaintiff, | **GLACIER NORTHWEST, INC.'S OPPOSITION TO CEMENTAID INTERNATIONAL MARKETING, LTD.'S MOTION TO DISMISS THE AMENDED COMPLAINT** |
| v. | |
| CEMENTAID INTERNATIONAL MARKETING, LTD., | **NOTE ON MOTION CALENDAR: DECEMBER 14, 2018** |
| Defendant. | |

## I.    INTRODUCTION

Defendant Cementaid International Marketing, Ltd.'s ("Cementaid") Motion to Dismiss the Amended Complaint ("Motion") is premised on the grounds that the complaint and cross-complaints in the two underlying construction defect actions do not specifically state the basis for holding Plaintiff Glacier Northwest, Inc. ("Glacier Northwest") liable.

However, Glacier Northwest would contend that Cementaid's Motion is devoid of merit because the motion does not dispute that there is a written distributor agreement between Cementaid in which Cementaid agreed to defend, indemnify and hold Glacier Northwest harmless from and against any product liability claims related to Cementaid's products and must also indemnify Glacier Northwest for any claim based on negligence on the part of Cementaid.

For the purposes of a motion to dismiss, this Court must accept as true Glacier

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

1

Northwest's well-plead allegation that there is no basis for Glacier Northwest being named as a party in the underlying actions other than in its role as a distributor of Cementaid's product, which was apparently subsequently incorporated into the underlying building projects.

Furthermore, it appears that Cementaid actually has significantly more information about the underlying actions than it has portrayed in this motion.  Indeed, <u>one of the attorneys for defendant Cementaid has previously stated, under penalty of perjury, that he believes that Cementaid's product is the basis for the claims against Glacier Northwest</u>.

Cementaid has requested judicial notice of the operative complaints in the underlying actions, but Cementaid failed to mention a declaration which Cementaid itself submitted in *Millennium Tower Association v. Mission Street Development LLC, et al.*, Case CGC-17-557830 which is currently pending in the Superior Court of the State of California, County of San Francisco ("Millennium Tower Action").  In that document one of the attorneys for Cementaid, Jared Schuettenhelm, stated under penalty of perjury:

> 8.    Upon information and belief, Cementaid's involvement in this matter may involve Cementaid's product, Everdure Caltite HPI ("Caltite"), which may have been used in the construction of the subterranean parking structure that is adjacent to Millennium Tower. Caltite is manufactured in Singapore.

> 9.    Cementaid had a Marketing and Material Supply Agreement with cross-defendant Glacier Northwest, Inc. ("Glacier"), whereby Glacier purchased Caltite, an additive that is mixed with concrete prior to construction. Cementaid does not know exactly how or even if its products were used in the Millennium Tower project.

(See Glacier Northwest's Request for Judicial Notice ("RJN"), Exhibit 8, Declaration of Jared Schuettenhelm in Support of Cementaid's Joinder in YKK AP, Inc.'s Motion to Continue the Trial Date and Motion to Sever the Non-Foundational Defect Issues in the Millennium Tower Action, ¶¶ 8-9.)

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

2

In this action it is alleged by plaintiff Glacier Northwest that the sole basis for Glacier Northwest and Cementaid being parties in the underlying actions is because Cementaid's product, which was merely distributed by Glacier Northwest, somehow contributed to the problems alleged in the Millennium Towers matter (and in the Axis matter). The fact that the pleadings in that underlying matter are vague should not and does not deprive Glacier Northwest of the right to obtain the indemnity for defense costs, which Glacier Northwest is already incurring.

Cementaid must defend and indemnify Glacier Northwest, especially in light of the admission of Cementaid's own attorney. Therefore, this Court should deny the Motion to Dismiss.

## II. FACTUAL BACKGROUND

### A. Allegations of the Amended Complaint

Glacier Northwest's allegations against Cementaid in the Amended Complaint ("FAC"), Doc. No. 8, are straightforward and must be accepted as true for purposes of the Motion for the reasons discussed below.

Glacier Northwest alleges that the parties entered into a written "Marketing and Material Supply Agreement" ("Agreement") effective December 31, 2001. (FAC, ¶ 5.) Pursuant to the Agreement Glacier Northwest was the exclusive distributor of certain concrete related products within a specified geographic area. (FAC, ¶ 5.) The list of products included Caltite and the geographic territory included California. (FAC, ¶ 5.)

Central Concrete purchased Caltite, a waterproofing additive, from Glacier Northwest. (FAC, ¶ 6.) Central Concrete used that product in various construction projects including one commonly known as Millennium Tower, which is located in San Francisco, California and another commonly known as Axis, which is located in San Jose, California. (FAC, ¶ 6.)

Several lawsuits, related to the development of the Millennium Tower, are now pending in the California Superior Court, for the County of San Francisco. (FAC, ¶ 7.) One

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

3

1  of those lawsuits the Millennium Tower Action. (FAC, ¶ 7.)

2        The Millennium Tower Action alleges numerous problems with the condition of the

3  Millennium Tower including, but not limited to, water intrusion through foundation

4  systems and slabs.  (FAC, ¶ 7.)

5        A cross-complaint was subsequently filed in the Millennium Tower Action by

6  Webcor Construction LP ("Webcor"). (FAC, ¶ 8.) Glacier Northwest is named as a cross-

7  defendant in Webcor's cross-complaint. (FAC, ¶ 8.)  Glacier Northwest is informed and

8  believes that its only relationship to Webcor, as it relates to the Millennium Tower, is the

9  sale of Cementaid's product to Central Concrete which subsequently utilized that product

10  in concrete work at the Millennium Tower.  (FAC, ¶ 8.)

11        Pursuant to the Agreement, Cementaid agreed to defend, indemnify and hold

12  Glacier Northwest harmless from and against any product liability claims related to

13  Cementaid products.  (FAC, ¶ 9.)

14        On February 22, 2018, March 20, 2018, and March 22, 2018, Glacier Northwest

15  sent letters to Cementaid demanding that Cementaid honor its contractual obligation to

16  indemnify Glacier Northwest, but Cementaid has failed and refused to do so.  (FAC, ¶ 10.)

17        Glacier Northwest has been required to retain counsel to defend Webcor's cross-

18  complaint, the cost of which has already exceeded the $75,000 jurisdictional threshold for

19  diversity jurisdiction and such damages are continuing and increasing. (FAC, ¶ 11.)

20        A lawsuit, related to the development of Axis, entitled *Axis Homeowners*

21  *Association v. Almaden Tower Venture, LLC, et al.*, Santa Clara County Superior Court

22  Case No. 17CV314037 ("Axis Action"), is pending. (FAC, ¶ 12.)

23        The lawsuit alleges numerous problems with the condition of the Axis project

24  including, but not limited to, water intrusion.  (FAC, ¶ 12.)

25        A cross-complaint was subsequently filed in the Axis Action by Webcor.  (FAC, ¶

26  13.) Glacier Northwest is named as a cross-defendant in Webcor's cross-complaint. (FAC,

27  ¶ 13.) Glacier Northwest is informed and believes that its only relationship to Webcor, as

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

4

it relates to the Axis project, is the sale of Cementaid's product to Central Concrete which subsequently utilized that product in concrete work at the Axis project.  (FAC, ¶ 13.)

Glacier Northwest, by the filing and service of the FAC, tendered a demand to Cementaid to honor its contractual obligation to indemnify Glacier Northwest in the Axis Action.  (FAC, ¶ 15.)

Glacier Northwest has been required to retain counsel to defend Webcor's cross-complaint in the Axis Action, the cost of which Glacier Northwest is informed and believes will exceed $75,000, and such damages are continuing and increasing. (FAC, ¶ 16.)

Glacier's first claim is for declaratory judgment which seeks a declaratory judgment in favor of Glacier Northwest, and against Cementaid, finding that Cementaid is obligated to defend and indemnify Glacier Northwest for the past, present and future costs of defense in the Millennium Tower Action in addition to any amounts which Glacier Northwest is obligated to pay for a settlement or judgment.  (FAC, ¶ 20.)

Glacier's second claim is for breach of contract which alleges that Cementaid has been in breach of the Agreement since as early as February 22, 2018 by failing and refusing, and continuing to fail and refuse, to pay Glacier Northwest for ongoing reasonable and necessary amounts incurred by Glacier Northwest in defense of the Millennium Tower Action.  (FAC, ¶ 22.)

Glacier's third claim is for declaratory judgment which seeks a declaratory judgment in favor of Glacier Northwest, and against Cementaid, finding that Cementaid is obligated to defend and indemnify Glacier Northwest for the past, present and future costs of defense in the Axis Action in addition to any amounts which Glacier Northwest is obligated to pay for a settlement or judgment.  (FAC, ¶ 26.)

Glacier's fourth claim is for breach of contract which alleges that as early as the date on which the FAC was filed, Cementaid has been in breach of the Agreement by failing and refusing, and continuing to fail and refuse, to pay Glacier Northwest for ongoing

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

5

1  reasonable and necessary amounts incurred by Glacier Northwest in defense of the Axis
2  Action. (FAC, ¶ 28.)

3  **B.   Cementaid's Appearance in the Millennium Tower Action**

4  It is significant to note that subsequent to the filing of the underlying cross-
5  complaint by Webcor naming Glacier Northwest, Webcor filed a First Amended Cross-
6  Complaint which added Cementaid as a party to the underlying Millennium action.

7  On July 13, 2018, Cementaid filed a "voluntary" Notice of Appearance in the
8  Millennium Tower Action. (Glacier Northwest's RJN, Exhibit 6.)   We refer to it as
9  voluntary because, based on a review of the record, formal international service had not
10 yet been completed.

11 On July 16, 2018, Cementaid filed a Memorandum of Points and Authorities in
12 Support of Cementaid's Joinder in YKK AP, Inc.'s Motion to Continue the Trial Date and
13 Motion to Sever the Non-Foundational Defect Issues in the Millennium Tower Action.
14 (Glacier Northwest's RJN, Exhibit 7.)

15 In support of that joinder, Cementaid filed the Declaration of Jared Schuettenhelm,
16 one of the counsel for Cementaid. (Glacier Northwest's RJN, Exhibit 8.)

17 Cementaid acknowledged that it was accepting service of Webcor's First Amended
18 Cross-Complaint in the Millennium Tower Action. (Glacier Northwest's RJN, Exhibit 7,
19 p. 3, lines 18-19, and Glacier Northwest's RJN, Exhibit 8, ¶ 6.)

20 The declaration from Mr. Schuettenhelm included statements indicating that
21 Cementaid was aware that Glacier Northwest purchased Caltite pursuant to the Agreement,
22 which Cementaid product may have been used in the construction of the subterranean
23 parking structure that is adjacent to Millennium Tower. (Glacier Northwest's RJN, Exhibit
24 7, p. 4, lines 17-26, and Glacier Northwest's RJN, Exhibit 8, ¶¶ 8-9.)

25 **III.   STANDARD OF REVIEW**

26 In ruling on the Motion, the Court must accept Glacier Northwest's allegations as
27 true and construe them in the light most favorable to Glacier Northwest, and dismissal is

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

6

inappropriate unless the complaint fails to "'state a claim to relief that is plausible on its face.'" *Carlin v. DairyAmerica, Inc.*, 705 F.3d 856, 866-867 (9th Cir. 2012) (citations omitted). "Dismissal for failure to state a claim is proper only 'if it appears beyond doubt' that the non-moving party 'can prove no set of facts which would entitle him to relief.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 526 (9th Cir. 2008). (citations omitted). Further, dismissal without leave to amend is improper unless it is clear, that the complaint could not be saved by any amendment. See *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012); *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 903 n.3 (9th Cir. 2011); *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

## IV.   ARGUMENT

### A.   Cementaid Breached Its Duty to Defend and Indemnify Glacier Northwest

Indemnity agreements are subject to the fundamental rules of contract construction, i.e., the intent of the parties controls; this intent must be inferred from the contract as a whole; the meaning afforded the provision and the whole contract must be reasonable and consistent with the purpose of the overall undertaking; and if any ambiguity exists, it must be resolved against the party who prepared the contract. *Jones v. Strom Constr. Co.*, 84 Wash.2d 518, 520, 527 P.2d 1115 (1974). In addition, clauses purporting to exculpate an indemnitee from liability flowing solely from its own acts or omissions are not favored and are strictly construed. *Jones*, at 520, 527 P.2d 1115.

The duty to defend and the duty to indemnify arise at different times in a tort proceeding. *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.*, 67 Wash.App. 468, 475, 836 P.2d 851 (1992). The duty to defend is determined by the facts known at the time of the tender of defense. These facts "must demonstrate that liability would eventually fall upon the

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ                                                    7

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

indemnitor, thereby placing it under a duty to defend." *Sollitt*, at 472, 836 P.2d 851 (quoting *Dixon v. Fiat–Roosevelt Motors, Inc.*, 8 Wash.App. 689, 694, 509 P.2d 86 (1973)).

*Knipschield v. C-J Recreation, Inc.,* 74 Wash. App. 212, 215-216 (1994).

Cementaid admits in its Motion that it has an indemnification obligation under the Agreement that "is triggered by product liability claims related to the Cementaid products." (Cementaid's Motion, p. 2, lines 25-27.)

Cementaid has quoted from the Agreement, but not provided a complete copy of the Agreement in support of the Motion, or quoted the relevant indemnification provision regarding Cementaid's duty to indemnify Glacier Northwest.

The relevant provision, paragraph 12.1 of the Agreement, states:

**12 INDEMNIFICATION**

12.1   CAIM hereby agrees to defend, indemnify and GNW harmless from and against any and all claims, actions, damages, liabilities, and expenses (including reasonable attorney's fees) arising from or occasioned by any of the following: (a) product liability related to the Schedule Products; (b) the negligence or intentional conduct of CAIM; or (c) infringement of any third-party's intellectual property rights in connection with the manufacture and sale of the Schedule Products.

(See the Declaration of Steven Brower in Support of Glacier Northwest, Inc.'s Opposition to Cementaid International, Inc.'s Motion to Dismiss, ¶ 3.)

Since the Court must construe the facts in the light most favorable to Glacier Northwest, the Court must assume for purposes of the Motion that Cementaid prepared the Agreement and must construe any ambiguity in the Agreement against Cementaid.

Cementaid's contention that an ambiguous indemnity contract is construed against the indemnitee is misleading because this rule of interpretation applies to a "contract

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

8

providing indemnity for concurrent negligence." *Calkins v. Lorain Division of Koehring Co.*, 26 Wash. App. 206, 210 (1980).  Moreover, there is no evidence here that the indemnity agreement was drafted by Glacier Northwest.  It would be contrary to the normal rules of contractual interpretation to provide that a party, being provided indemnity under an agreement drafted by the opposing party, is somehow charged with the ambiguity created by the party who drafted the agreement in question.

Paragraph 12.1 makes it clear that Cementaid must defend and indemnify Glacier Northwest for any claims and actions, not just damages and liabilities, arising out of Cementaid's products, which would include claims for equitable indemnity and negligence, not just claims for product liability, as well as any claims arising out of Cementaid's negligence or intentional conduct.  In other words, it was clearly the intent of the parties that Glacier Northwest, as the mere seller of Cementaid's products, as opposed to the designer or manufacturer, was to be defended and indemnified by Cementaid against any and all claims arising out of Cementaid's products, not just meritorious claims and not just product liability claims. See *Jones v. Strom Constr. Co.*, 84 Wash. 2d 518, 520 (1974).

The claims in the Millennium Tower Action and Axis Action against Glacier Northwest are clearly claims that arise out of Cementaid's product Caltite.

Even if the Agreement limits Cementaid's duty to defend and indemnify to product liability claims, the underlying actions clearly allege such claims.

Under California law, which Cementaid argues applies to the claims in the underlying actions, a manufacturer, distributor or seller may be held strictly liable for placing a defective product on the market if the plaintiff's injury results from a reasonably foreseeable use of the product.  *Soule v. General Motors Corp.*, 8 Cal.4th 548, 560 (1994); *Sparks v. Owens–Illinois, Inc.*, 32 Cal.App.4th 461, 472 (1995).

Products liability may be premised upon a theory of design defect, manufacturing defect, or failure to warn. *Anderson v. Owens–Corning Fiberglas Corp.*, 53 Cal.3d 987, 995 (1991). Defective design may be established under two theories: (1) the consumer

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

9

expectations test, which asks whether the product performed as safely as an ordinary consumer would expect when used in an intended and reasonably foreseeable manner; or (2) the risk/benefit test, which asks whether the benefits of the challenged design outweigh the risk of danger inherent in the design. Id.  Both theories may be presented to the jury. *McCabe v. American Honda Motor Co.*, 100 Cal.App.4th 1111, 1126 (2002).

Cementaid can be held strictly liable as a manufacturer, distributor and/or seller of a defective product because it has admitted that Caltite is its product and is an additive that is mixed with concrete prior to construction. (See Glacier Northwest's RJN, Exhibit 8, Declaration of Jared Schuettenhelm, ¶¶ 8-9.)  There is nothing about the usage here, being mixed into concrete for construction, which is contrary to ordinary usage of a concrete additive.

Glacier Northwest has sufficiently plead that, in the underlying litigations, there is a potential[1] that Caltite was defectively designed or manufactured because it did not perform as well or as safely as expected.  Caltite is a waterproofing additive.  (FAC, ¶ 6.) Glacier Northwest alleges that Central Concrete used Caltite in various construction projects including Millennium Tower and Axis.  (FAC, ¶ 6.)  Both projects allegedly suffered water intrusion, which might not be expected if the Caltite worked properly. (FAC, ¶¶ 7 and 12.)

Glacier Northwest has alleged no possible involvement with the projects at issue in the Millennium Tower Action and Axis Action, other than possibly supplying Caltite. Cementaid has admitted, through the declaration of its own attorney, that the only possible involvement of Cementaid and Glacier Northwest with respect the Millennium Tower

---

[1]     It must be remembered that Glacier Northwest was merely the distributor of Caltite, which was created and manufactured by Cementaid.  There is no allegation that Glacier Northwest made any change to the product or made any representations which were contrary to Cementaid's specification.  Further, it should also be noted that Glacier Northwest is not currently admitting or even asserting that there was actually any defect in Cementaid's product.  Rather, Glacier Northwest is alleging that it is entitled to indemnification for the claims being asserted against it in the underlying actions, which can only be the result of an allegation that the product, which was manufactured by Cementaid, was somehow defective.

project was supplying Caltite. Therefore, it cannot be disputed that the claims in the underlying actions, whether they have merit or not, arise out of Cementaid's product covered by the Agreement and Cementaid must defend and indemnify Glacier Northwest.

Cementaid cites *Lemberg v. JPMorgan Chase Bank, N.A.,* Case No. 17-cv-05241, 2018 WL 1046886 (N.D. Cal. Feb. 26, 2018) and *Mountain Club Owner's Ass'n v. Graybar Elec. Co., Inc.*, Case No. 2:13–1835, 2014 WL 130767 (E.D. Cal. Jan. 14, 2014) for the proposition that under California law, to plead a strict liability claim, the plaintiff must allege facts either showing a manufacturing defect, a design defect, or a warning defect in the product.

*Lemberg v. JPMorgan Chase Bank, N.A.,* Case No. 17-cv-05241, 2018 WL 1046886 (N.D. Cal. Feb. 26, 2018) is distinguishable because the plaintiff never alleged that the defendant was the manufacturer of the alleged defective ATM machine. Id., at *2. In this case, Cementaid is the manufacturer, distributor and/or seller of the alleged defective product.

In *Mountain Club Owner's Ass'n v. Graybar Elec. Co., Inc.*, Case No. 2:13–1835, 2014 WL 130767 (E.D. Cal. Jan. 14, 2014) the court found that the plaintiff's failure to identify the alleged defect in the electrical cable was fatal to its strict liability claim.  Id., at *2.  In this case, the alleged defect in the Caltite is that it did not stop water intrusion as it was expected to.

Since generally the duty to defend is determined by the facts known at the time of the tender of defense and the only known facts show that Glacier Northwest's only possible basis for liability in the Millennium Tower Action and Axis Action arises out of the use of Caltite, Cementaid must defend and indemnify Glacier Northwest. *George Sollitt Corp. v. Howard Chapman Plumbing & Heating, Inc.*, 67 Wash. App. 468, 472.

Moreover, since the Agreement states that Cementaid must defend and indemnify Glacier Northwest for claims and actions arising out of covered products, Cementaid has a

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

11

1  duty to defend whether or not the claims or actions result in a finding of damages and/or
2  liability arising out of Cementaid's product.

3      **B.     Glacier Northwest Can Maintain Its Claims for Declaratory Judgment**

4          Cementaid contends that Glacier Northwest cannot maintain claims for declaratory
5  judgment if its claims for breach of contract are dismissed because the Declaratory
6  Judgment Act does not create an independent cause of action.

7          Cementaid's position is clearly wrong because the Ninth Circuit Court of Appeals
8  has long permitted declaratory judgment actions on the issue of the duty to defend and the
9  duty to indemnify, despite there being no claim for breach of contract or other substantive
10 claim. *Aetna Cas. and Sur. Co. v. Merritt*, 974 F.2d 1196, 1999 (9th Cir. 1992); *American*
11 *States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

12         None of the cases cited by Cementaid involved the duty to defend or indemnify, or
13 a pending underlying action for which a declaratory judgment was needed.

14         There is also no rule against the district court exercising its jurisdiction to resolve a
15 dispute when the underlying liability suit is pending in state court. *American States Ins.*
16 *Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994).

17         Therefore, Glacier Northwest should be allowed to litigate the issue of Cementaid's
18 duty to defend and indemnify just as insurers and insureds are routinely allowed to do, even
19 while the underlying actions are pending.

20 **V.     CONCLUSION**

21         Read in the light most favorable to Glacier Northwest, Glacier Northwest has stated
22 claims for relief.  For the reasons stated above, Glacier Northwest requests that this Court
23 deny Cementaid's Motion.  In the alternative, if this Court were to grant the motion to
24 dismiss, Glacier Northwest would request leave to amend.

25 //

26 //

27 //

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

12

DATED:  December 10, 2018

BROWER LAW GROUP
A Professional Corporation


By:    /s/ Steven Brower
STEVEN BROWER
California SBN: 93568
25201 La Paz Road, Suite 202
Laguna Hills, CA 92653
Telephone: (949) 668-0825
Email: Steve@BrowerLawGroup.com
Attorneys for Plaintiff Pro Hac Vice


MONTGOMERY PURDUE BLANKINSHIP
& AUSTIN PLLC


By:     s/ Christopher M. Reed
Andrew R. Chisholm
WA State Bar No. 30673
Christopher M. Reed
WA State Bar No. 49716
701 Fifth Avenue, Suite 5500
Seattle, WA 98104
Telephone: (206) 682-7090
Email: achisholm@mpba.com
Email:  creed@mpba.com
Fax: (206) 625-9534
Attorneys for Plaintiff – Local Counsel

{18117/052/01823012-1}
GLACIER NORTHWEST, INC.'S
OPPOSITION TO MOTION TO DISMISS
2:18-cv-00556 TSZ

13

BROWER LAW GROUP
25201 La Paz Road, Suite 202
Laguna Hills, California 92653
Telephone: (949) 668-0825

1

## DECLARATION OF SERVICE

2

3      I hereby certify that on 10th day of December, 2018, I electronically filed the

4 foregoing with the Clerk of the Court using the CM/ECF system which will send

5 notification of such filing to the following:

6      Steven Brower                          Richard F. Whiteley
       Brower Law Group                       Stacianne M. Wilson
7      25201 La Paz Road, Suite 202           Bracewell LLP
       Laguna Hills, CA 92653                 711 Louisiana Street, Suite 2300
8      Phone: 949-668-0825                    Houston, TX 77002
       Email: steve@browerlawgroup.com        Phone: 713-221-1123
9      *Pro Hac Vice Attorneys for Plaintiffs* Email:
                                              Richard.whiteley@bracewell.com
10                                            Email:
                                              staci.wilson@bracwell.com
11                                            *Pro Hac Vice Attorneys for*
                                              *Defendant Cementaid*
12                                            *International Marketing*

       Jared D. Schuettenhelm
13     Philip J. Bezanson
       Bracewell LP
14     701 Fifth Ave., Suite 6200
       Seattle, WA 98104
15     Phone: 206-204-6206
       Email:
16     Jared.schuettenhelm@bracewell.com
       Email: phil.bezanson@bracewell.com
17     *Attorneys for Defendant Cementaid*
       *International Marketing*

18      DATED this 10th day of December, 2018, at Seattle, Washington.

19

20                                    s/Christopher M. Reed
                                      _____
21                                    Andrew R. Chisholm
                                      WA State Bar No. 30673
22                                    Christopher M. Reed
                                      WA State Bar No. 49716
23                                    701 Fifth Avenue, Suite 5500
                                      Seattle, WA 98104
24                                    Telephone: (206) 682-7090
                                      Email: achisholm@mpba.com
25                                    Email:    creed@mpba.com
                                      Fax: (206) 625-9534
26                                    Attorneys for Plaintiff – Local Counsel

27